CHAUNCEY S. TITUS, Appellant, *v.* THE PRESIDENT, DIREC-
TORS AND FIRST COMPANY OF THE GREAT WESTERN TURN-
PIKE ROAD, Respondents.

(GENERAL TERM, THIRD DEPARTMENT, JANUARY, 1872.)

A general resolution of a corporation provided that certificates of its stock should be signed by its president and treasurer.

*Held,* that the company was liable for money advanced to the treasurer, upon certificates of shares of stock of the company, signed in conformity with such resolutions, issued to the treasurer himself, although the shares were, in fact, spurious and fraudulently issued; it appearing that they were taken by the plaintiff in good faith.

The case of *Claflin* v. *The Farmers' and Citizens' Bank* (25 N. Y., 293), considered and distinguished.

APPEAL from a judgment rendered in favor of the defendants upon the report of a referee. The facts appear in the opinion.

*A. J. Parker*, for the plaintiff.

*P. F. Cooper*, for the defendant.

Present—MILLER, P. J., POTTER and PARKER, JJ.

PARKER, J.    This is an appeal from a judgment rendered in favor of the defendants on the report of a referee.    The action was brought to recover damages for negligent and fraudulent acts of the defendants' president and treasurer, in issuing spurious certificates of the stock of the company, on the faith and security of which the plaintiff loaned money to the party holding them.

The referee found, as facts, that, on or about December 19, 1870, one McClure, the treasurer of the defendants, presented to the plaintiff two certificates of the. defendants' stock, signed by Jacob H. Ten Eyck as president, and by said McClure as treasurer, and having the seal of the company attached, each of which certificates certified that McClure was the owner of 500 shares in the stock of the defendants; and upon the credit of those certificates, which were offered as collateral security to the note of said McClure, dated on that day, and payable two days after date, with interest, he obtained from the plaintiff the sum of $1,855, the plaintiff, at the time of receiving said certificates, knowing that the said McClure mentioned in the body of said certificates was the same person who had signed the same as treasurer.    That said certificates were drawn up in the form prescribed by the by-laws of the defendants, and were signed by the two officers of the company, both of whom were directed and required, by a general resolution of the defendants, to sign certificates of the defendants' stock in cases where stock was transferred on defendants' books.

That there was no by-law of the defendants making any exceptions as to the form of the certificate, or as to the officers who were to sign it when issued to the treasurer or the president of the company.    That the said McClure delivered to the plaintiff, indorsed upon the said two certifi-

cates of stock, as part of the security for the loan, an assignment and power of attorney in blank, signed by the said McClure.

That when the plaintiff took said certificates from said McClure, he had not any knowledge or suspicion that they did not represent stock of the company, and thought they were genuine and good certificates of stock.

It was conceded on both sides, upon the trial, that the certificates were spurious and unauthorized, and did not represent actual stock, and so the referee found; and he also found that the plaintiff had sustained loss by means of the transaction in question to the amount of the money advanced on the certificates, with interest.

The referee's conclusions of law were: 1st. That the general power given to the treasurer of the defendants to sign certificates of stock did not authorize him to sign certificates in his own name or favor. 2d. That no recovery can be had in this action by the plaintiff against the defendants, as such defect appeared upon the face of the certificates, and he had notice of it at the time he took them. And hence he held the defendants were entitled to judgment, and dismissed the complaint.

The legal propositions upon which the decision of the case by the referee rests, and which are urged by the counsel for the defendants in support of the judgment, are,

1st. That McClure, the treasurer, had no right to sign certificates of stock held by himself; and,

2d. That the plaintiff, when he took the certificates in question, signed by McClure, saw that they were not properly signed, and therefore had notice of their irregularity and invalidity, and consequently cannot look to the defendants to make them good.

The principle upon which defendants' counsel contend that McClure had no right to sign certificates of his own stock is, that he was an agent of defendants, and that an agent cannot certify *in his own favor;* and the cases of *Claflin* v. *Farmers' and Citizens' Bank* (25 N. Y., 293), and *New York and*

*New Haven Railroad Company* v. *Schuyler* (34 id., 30, 64), are cited in support of it.

In the first of these two cases the president of the bank, who had a general authority to certify checks upon the bank as good, drew his own checks upon the bank, and certified them in his character of president. It was held, that the certification of the checks was virtually an acceptance of them by the bank. SELDEN, Ch. J., in his opinion, says: " The only question in this case which seems to me to require serious consideration is, whether Mr. Houghton could bind the bank by accepting checks or drafts drawn by himself. It is a well settled rule of the. law of agency, to which I apprehend there is no exception, that no person can act as the agent of both parties, although he himself have no interest on either side; nor can he act as agent in regard to a contract in which he has any interest, or to which he is a party, on the. side opposite to his principal. In the present case, Mr. Houghton, as the drawer of the checks, was the party with whom the contract of acceptance was primarily made, and stood, therefore, precisely in those opposite relations which the rule referred to forbids."

In *New York and New Haven Railroad* v. *Schuyler*, the rule above adverted to was not applied to the case of an officer of a corporation signing the certificate of his own stock; for, although the general rule was stated that " an officer or agent is not permitted, under a general power, to certify in his own favor" (citing *Claflin* v. *Farmers' and Citizens' Bank*), yet the court went on to show that the case was clear of the rule, because of the acquiescence of the company in the acts of the agent in so certifying; and the company was held liable for the spurious stock so certified. Under a sufficient authority from the company, then, according to the doctrine of this case, an officer may certify his own stock.

Had not McClure, as treasurer of the defendants' company, sufficient authority to sign certificates of his own stock, as shown by the facts in the case ? The case is not like that of

*Claflin* v. *Farmers' and Citizens' Bank.* There the certify ing of the checks was the making of a contract by the presi dent, as such, with himself, as an individual, under a mere general permission to him to certify checks. The construc- tion of such a permission was very properly held not to authorize him to make such a contract. Presumptively, the intention in giving the general authority did not include such a case, one out of the ordinary course of business and con- trary to business and legal rules, and one entirely unneces- sary to the orderly course and management of the business of the company. Plainly, in that case, the act in question was not authorized by the general authority.

But, in regard to certificates of stock, they are a necessary part of the machinery by which the business of corporations is carried on. They are issued to every stockholder as the evidence of his stock; to the officers as well as to the other stockholders.

The defendants in the case at bar, by their by-laws, pre- scribed the form in which certificates of stock should be issued, and by a general resolution directed and required that all such certificates should be signed by the president and treasurer of the company, making no exception in regard to the certificates of stock held by such president or treasurer. Now, it is common, if not necessary, that these officers are stockholders of the corporation; and this fact cannot but have been known to defendants when the by-laws and reso- lution were adopted; and as no exception was made in regard to the issuing and signing of certificates to those officers, I think such certificates must be deemed covered by the reso- lution.

There are no grounds, as in the case of *Claflin* v. *The Farmers' and Citizens' Bank*, for presuming an intention to the contrary. In the case at bar the resolution does not, as in that case, authorize the making of *contracts* for the com- pany, but it directs the performance of a mere ministerial act necessary to the orderly conduct of its business, in regard as well to the officers' stock as to that of other stockholders.

Titus *v.* The President, etc., of the Great Western Turnpike Road.

In the signing of the certificates of his own stock, there is no such antagonism between him and the company, as in the case of the contract, and it is not to be presumed that the company intended when it imposed upon these officers the duty of signing the certificates of stock issued by the company, that in every case of transfer or purchase of stock by them a new authority should be given by a new resolution of the company for the performance of the necessary ministerial acts, to perfect such transfer or purchases.

The officer who signs certificates of his own stock no more really assumes a relation of opposition to the company than does the officer who enters the statement of his own stock in the books of the company, and the authority of such officer or clerk who keeps the books under a general authority to make an entry therein of the stock held by him might as well be questioned as that of McClure to sign a certificate of his stock.

In either case the fair and reasonable construction of the general authority would allow such officers to enter or certify their own stock as they do that of others.

I have no doubt that under the by-laws and resolution of the defendants the treasurer (McClure) was authorized to sign certificates of his own stock.   If I am correct in this construction of the authority given, it follows that the decision of the referee in his first conclusion of law was erroneous, and that his second conclusion, based upon the first, was also erroneous.

No question was made but that the defendants would be liable for the fraud or negligence of their president and treasurer in issuing the certificates of spurious stock if they had the right to sign certificates of their own stock.   The liability of the principal for such acts of its agent was distinctly affirmed in the *N. Y. and N. H. R. R. Co.* v. *Schuyler*, and in *Bruff* v. *Mali* (36 N. Y., 200).   In this case the cause of action was made out, and the plaintiff should have had judgment in his favor.   The judgment must be reversed and a new trial granted, with costs to abide the event.

Judgment reversed.