CAROLINE NEUENDORFF, Appellant, *v.* THE WORLD MUTUAL LIFE INSURANCE COMPANY, Respondent.

An agent cannot bind his principal to the receipt of money due from himself by a mere acknowledgment signed by himself as agent that he has received it; he cannot act for himself and for his principal also in the same transaction.

Defendant issued a joint policy upon the lives of plaintiff and her husband; the latter was clerk in the office of a general agent of defendant, and with defendant's knowledge and approval transacted most of the office business. In an action upon the policy the defence was that a premium due prior to the death of plaintiff's husband was not paid. The only evidence to show payment was a receipt for the premium, signed by defendant's secretary, and countersigned by the deceased on behalf of the general agent. The receipt, with others, was delivered to the agent for collection; *held,* that the deceased occupied the same legal relation to defendant, in respect to business properly belonging to his duties, as did the general agent; but that the receipt alone, while it might have been *prima facie* evidence of payment in favor of third persons, was insufficient to establish the fact of payment in favor of the deceased himself; that plaintiff could not claim any greater benefit from the acts of her husband than he could, had she died and he brought the action.

Also *held,* that the fact that prior payments were made and receipted by the deceased in the same manner which were recognized by defendant, did not materially strengthen the force to be given to the receipt alone; and that if the proof could be regarded in any sense *prima facie,* the general agent and the officers of defendant having testified that the premium was not in fact paid, a non suit was proper.

(Argued April 13, 1877; decided April 24, 1877.)

APPEAL from judgment of the General Term of the City Court of Brooklyn affirming a judgment in favor of defendant entered upon an order nonsuiting plaintiff on trial.

This action was upon a policy of insurance upon the joint lives of plaintiff and her husband.

The policy was issued July 16, 1869. By its terms the premium, after the first year, was to be paid annually on the 16th day of July in each year. The further facts sufficiently appear in the opinion.

*Henry Wehle*, for the appellant. If the agent had delivered plaintiff one of defendant's receipts for a consideration, he would have charged himself with the amount, and between plaintiff and defendant the payment would be complete. (*Chickering* v. *Globe Co.*, 116 Mass., 321; *Miss. Val. L. Ins. Co.* v. *Neyland*, 9 Bush., 430.) The testimony on behalf of defendant contained evidence of payment, waiver and credit. (*Boehr* v. *Wm'sburgh Ins. Co.*, 35 N. Y., 131; *Shelden* v. *Conn. Mut. Ins. Co.*, 25 Conn., 207; *Ins. Co.* v. *Colt*, 20 Wal., 560; *Prince of Wales Ins. Co.* v. *Harding*, E. B. & E., 183; *Marsh* v. *N. W. Ins. Co.*, 3 Biss., 351; *Bodine* v. *Ex. Ins. Co.*, 51 N. Y., 117; *Bowman* v. *Ag. Ins. Co.* 2 N. Y. [S. C.], 261.) The receipt in the hands of plaintiff is presumptive evidence that plaintiff paid for the same. (*Lambert* v. *Seeley*, 17 How., 432; *Norton* v. *Phœnix Co.*, 36 Conn., 503, 4 Bigelow, 619; *Thompson* v. *Am. Tontine L. Ins. Co.*, 46 N. Y., 674; *Mut. Bene. Ins. Co.* v. *French*, 2 Cinc. [S. C.], 321.) It was error to direct a nonsuit. (*Elwood* v. *W. Un. Tel. Co.*, 45 N. Y., 549; *Sheridan* v. *Mayor*, etc., 8 Hun, 424; *Renwick* v. *N. Y. C. R. R. Co.*, 36 N. Y., 32.)

*Wm. P. Prentice*, for the respondent. It was not competent for the insured as clerk of the agent to waive a prepayment of the premium. (*Mattison* v. *N. Y. C. R. R. Co.*, 57 N. Y., 552; *Ripley* v. *Ætna Ins. Co.*, 30 id., 136, 2 Am. Lead. Cas., 624; *Bushby* v. *N. Am. L. Ins. Co.*, 3 Ins. L.

J., 704, 705; *Bouton* v. *Am. Mut. L. Ins. Co.*, 25 Conn., 542; *Catoir* v. *Am. L. Ins. & T. Co.*, 23 N. J., 487; *Baker* v. *Un. Mut. L. Ins. Co.*, 43 N. Y., 284.) Plaintiff was properly nonsuited. (*Foot* v. *Sabin*, 19 J. R., 154; *Bryden* v. *Bryden*, 11 id., 189; *Pratt* v. *Hull*, 13 id., 335; *Rudd* v. *Davis*, 3 Hill, 287; *Lomer* v. *Meeker*, 25 N. Y., 361; *Kelly* v. *Nat. Bk. of Erie*, 52 Barb., 333; *Johnson* v. *H. R. R. R. Co.*, 20 N. Y., 73; *Gonzales* v. *N. Y. C. & H. R. R. R. Co.*, 38 id., 440; *Wilch* v. *T. & R. R. R. Co.*, 24 id., 430.) There was no question but one of law whether defendant could be held liable. (*Wadsworth* v. *Allcott*, 6 N. Y., 65; *Magnin* v. *Dinsmore*, 62 id., 35, 43, 44; *Horton* v. *Eq. L. Ins. Co.*, 2 Big. L. & A. R., 100; *Southcombe* v. *Merriman*, id., 310; *LeRoy* v. *Market F. Ins. Co.*, 36 N. Y., 90; *Ripley* v. *Ætna Ins. Co.*, 30 id., 136; *Chandler* v. *Von Roeder*, 24 How., 227.)

CHURCH, Ch. J. The policy was upon the joint lives of the plaintiff and her husband. He having died on the 16th day of September, 1872, she claims to recover the amount of the policy, and the principal contention upon the trial was whether the premium due on the 16th day of July of that year had been paid. The court granted a nonsuit upon that ground only. The deceased was a clerk for the general agent in charge of what it called the German department of the defendant. It seems that the deceased transacted most of the office business of the department, with the knowledge and approbation of the company, who, a portion of the time at least, paid his salary. He occupied, therefore, the same legal relation to the company in respect to any business properly belonging to his duties, as the general agent did, and possessed corresponding power. (51 N. Y., 117.) The evidence of payment relied upon, was a receipt in the usual form, signed by the secretary of the company and countersigned, on behalf of the general agent, *by the deceased*. This receipt with others were delivered to the agent to receive the premiums, and upon receipt of the same, to countersign

and deliver them to the parties entitled to them respectively. I do not think that this receipt alone was sufficient to establish the fact of payment by the agent himself, while in favor of third persons it might have been *prima facie* evidence of such payment. It is a general rule, that an agent cannot in the same transaction act for himself and his principal (Story on Agency, §§ 10, 11, 210, 211) ; and within this rule I do not see how he can bind the principal to the receipt of money by a mere acknowledgment that he received it from himself. (19 Barb., 595.) Some additional evidence should have been given of the payment. Several prior receipts, countersigned by the deceased, were produced, and the inference is from the testimony that the payments for these prior premiums were either actually made, or that the amount was debited to the agent or otherwise satisfactorily arranged; but as to the premium due July 16th, 1872, no act of the company was shown from which such an inference could be drawn. The receipt was confessedly delivered to the deceased with others before payment. The deceased countersigned it, and reported it with others as paid; but there was no act of the company proved indicating such payment, either by the receipt of money, by debiting the amount to the agent, or by crediting the assured with the payment, or by an acquiescence from which an admission of payment might be inferred. The whole evidence in effect was that the deceased, while acting as agent of the company, receipted money to himself, and told the company that it had been paid. This is not sufficient without corroborative evidence.

The fact that prior payments were made and receipted by the deceased, which were recognized by the company as payments, does not materially strengthen the force to be given to the receipt alone. I do not think, therefore, that the plaintiff established *prima facie* proof of payment of the premium in question, but if the proof might be regarded in some weak sense *prima facie*, the evidence by the agent, secretary and president of the company, that the premium had not in fact been paid, was of such a convincing character as to jus-

tify the judge in refusing to submit the question of payment to the jury. Upon the whole evidence a verdict in favor of the plaintiff would have been set aside, as against evidence, and in such a case it is the duty of the court to nonsuit.

These views answer also the point of waiver, and besides there was no request to submit that question to the jury. It is quite probable from the evidence that the prior payments were not in fact made, and that the company were induced to recognize them by the adroitness or deception of the deceased. Whether this was so or not, the plaintiff cannot have the benefit of a payment not in fact made, and which never was recognized as such by any act or admission of the company or any of its officers. The deceased was equally interested with the plaintiff in the policy, and she cannot claim any greater benefit from his acts than he could if she had first died and he had brought the action.

The judgment must be affirmed.

All concur.

Judgment affirmed.