FIFTH AVE. BANK *v.* FORTY-SECOND ST. & G. S. F. R. Co.

(*Supreme Court, General Term, First Department.* February 18, 1892.)

1. CORPORATIONS—OFFICERS—FALSE REPRESENTATIONS—SPURIOUS STOCK.

    Where the secretary and treasurer of a corporation is also its agent for the transfer of stock, with power to countersign and issue stock when signed by the president, the corporation is bound by his representation that certain stock is genuine, though in fact it was fraudulently issued by him after forging the president's signature thereto.

2. SAME—DEFENSES—STATE BANKS.

    The fact that such representations were made to a state bank, and that the stock is not one of the securities which state banks are authorized to take or hold, under Rev. St. (8th Ed.) p. 1523, § 37, is no defense. That question can only be raised by the state authorities.

Exceptions from circuit court, New York county.

Action by the Fifth Avenue Bank of New York against the Forty-Second Street & Grand Street Ferry Railroad Company for damages because of its refusal to transfer on its books certain stock to plaintiff, or to recognize plaintiff. Defendant excepts. Affirmed.

Plaintiff bank became possessed of the certificates of stock by taking them from Ferdinand W. Hofele as security for a loan. Before accepting them, however, it made inquiries of Eben S. Allen, the secretary, treasurer, and transfer agent of the defendant railroad company, who pronounced the stock all right, and identified Hofele as its owner. Afterwards, plaintiff, as Hofele's agent, sold the stock through its brokers to Prentiss & Co., and received payment of the loan from the proceeds. Prentiss & Co. presented the stock to the defendant for transfer to them, when it was discovered that the certificates were spurious, and had been fraudulently issued by Allen, who forged thereto the signature of the defendant's president. Upon demand of Prentiss & Co., and after negotiation and arbitration, the bank repaid to them the purchase price, and took back the certificates, together with an assignment of all right of action thereon. It then demanded a transfer of the stock to it on the company's books, which was refused, whereupon it brought this action.

Argued before VAN BRUNT, P. J., and LAWRENCE and O'BRIEN, JJ.

*Edward C. James,* for plaintiff. *Freling H. Smith,* for defendant.

LAWRENCE, J. A perusal of the evidence in this case satisfies us that the ruling of the justice who tried the cause at circuit was correct, and that the exceptions taken by the defendant should be overruled, and judgment directed in the plaintiff's favor upon the verdict. The evidence shows that Allen was the secretary, treasurer, and transfer agent of the defendant, and had power to countersign, seal, and issue certificates of its capital stock upon the surrender and cancellation of a prior certificate, upon the signing of the new certificate by its president; and his act in countersigning, sealing, and issuing such certificate was a representation not only within the apparent, but the actual, scope of his powers. In the case of *Bank of Batavia* v. *New York, L. E. & W. R. Co.,* 106 N. Y. 196, 12 N. E. Rep. 433, the doctrine previously laid down in the cases of *Bank* v. *Aymar,* 3 Hill, 362; *Griswold* v. *Haven,* 25 N. Y. 595; and *Railroad Co.* v. *Schuyler,* 34 N. Y. 30,—was reaffirmed. The court there declared that "it is a settled doctrine of the law of agency in this state that where the principal has clothed his agent with power to do an act upon the existence of some extrinsic fact necessarily and peculiarly within the knowledge of the agent, and of the existence of which the act of executing the power is itself a representation, a third person dealing with such agent in entire good faith, pursuant to the apparent power, may rely upon the representation, and the principal is estopped from denying its truth to his prejudice. * * * A discussion of that doctrine is no longer needed or permissible in this court, since it has survived an inquiry of the most exhaustive character, and an assault remarkable for its persistence and vigor." In this case the defendant held out Allen in the position which he occupied to third parties as one upon whose representations they could rely in respect to the genuineness of the particular certificates of shares of stock, as to which the plaintiff made inquiries prior to making the loan to Hofele; and under the cases above referred to they are responsible for the injury which the plaintiff has thereby sustained.

The appellant cannot avail itself of the point that the stock in question is not one of the securities which a state bank is authorized to take and become the owner of, under section 37 of the Revised Statutes, (8th Ed.) p. 1523. That question could only be raised by the state authorities. The defendant is estopped from raising it. *Bank* v. *Stewart,* 107 U. S. 676, 2 Sup. Ct. Rep. 778; *Thompson* v. *Bank,* 113 N. Y. 325, 21 N. E. Rep. 57

. We discover no negligence on the part of the plaintiff which precludes it from recovering in this action, nor any evidence upon which the defendant was entitled to go to the jury. None of the exceptions as to evidence appear to be well taken; and it follows, therefore, that the motion for a new trial should be denied, and judgment directed in the plaintiff's favor, with costs and disbursements. All concur.