McAdam, J.
“ Asidefrom ex parte petitions and the like, any publication made in the ordinary course of judicial proceedings is privileged, if the article be a fair and impartial account, thereof. Though the publication may be to the disadvantage of the particular suitor, the paramount advantage to the public fully justifies the end attained. Perhaps the earliest and best expression of the reason of the rule is that contained in the opinion of Lawrence, J., in Rex v. Wright, 8 Term Ii., 298, in which it is stated, in substance, that though the publication of proceedings in courts of justice may severely reflect on individuals, yet such publications, if they contain true accounts, are not libels,—not the subjects of actions, because it is of great importance that the proceedings of courts of justice shall be known; that the general advantage to the country in having these proceedings made public, more than counterbalances the inconvenience to the person whose conduct may be the subject of the proceedings ; or, as Pollock, C. B., said in Ryalls v. Leader, Law Rep., 1 Ex., 299, £ one ought to make as wide as possible the right of the public to know what takes place in any court of justice, and to protect a fair bona fide statement of the proceedings there.’
“ There was a judicial hearing and inquiry had in the present case in open court, and the public had the right to know all about it. The policy of the State is tersely expressed in these words: £ Every citizen may freely speak, write and publish his sentiments on all *209 subjects, being responsible for the abuse of that right, and no law shall be passed to restrain or abridge tlie liberty of speech or of the press.’ Const., Art. 1, § 8.
“ This is the supreme law of the land, and contains as noble a sentiment as was ever penned by man.
“ The truth, irrespective of motives, is a complete justification to a civil action for libel. In criminal prosecutions the accused is obliged to go a step further, and prove that the publication was made with good motives and for justifiable ends. It. This to prevent breaches of the public peace. Nor is a defendant by pleading the truth in justification, although the plea be unsustained by proof at the trial, to have that circumstance considered by the jury as evidence of malice, or to enhance the damages (Klinck v. Colby, 46 N. Y., 427) unless it be interposed in bad faith (Holmes v. Jones, 121 N. Y., 461) and the circumstances warrant that conclusion.
u Every one has a right to comment on matters of public interest and general concern, provided he does so fairly and with an honest purpose. Such comments are not libellous, however severe in their terms, unless they are written maliciously.
“ While the law justifies honest reports and comments, it will not permit one, under the guise of reporting proceedings, to use the dagger of malice, the assassin of character, to circulate falsehood, whose only office is to injure and destroy.
“ Report and comment are two separate and distinct things. A report is the mechanical reproduction of what actually took place. Comment is the judgment passed on the circumstances reported, by one who has applied his mind to them. Fair reports are privileged, while fair comments are no libels at all. Blending the report and comments together does not make the article libellous, if it would not be such if the one were separated from the other. A careful reading of the article *210 complained of, in connection with the pleadings in the action commented upon, in the light of the evidence given by the plaintiff on this trial, proves that the article is a fair report, and that the comments are substantially true. The report is, therefore, within the protection of privileged publications, and the comments are fully justified by the facts disclosed. The comments being true, are not libellous, and the report being privileged, the plaintiff could only recover upon affirmative proof of malice, and there is an entire absence of that essential element in this case.
“ Where the publication is not privileged, a different rule prevails, and malice may be implied from the mere falsity of the charge, but where the communication is privileged, it rebuts th e prima facie inference of malice, and throws upon the plaintiff the burden of proving malice in fact. Reference to the language of the article, and to the facts in the pleadings and evidence confirming its accuracy, has been intentionally omitted, as it might prove as offensive to the plaintiff as the article itself—perhaps more so.
“ There has been a tendency in some cases to limit-the power of the court to the decision of the question whether the article complained of is privileged, and requiring the submission to the jury of the question whether the defendant fairly and properly conducted himself in the exercise of it; but the evidence in this ease so clearly shows the absence of misconduct, that the action admits of only one result, and that a verdict for the defendant. The English cases hold that it is only when the judge is satisfied that the publication cannot be a libel, and that if it is found by the jury to be such, their verdict will be set aside, that he is justified in withdrawing the question from their cognizance. Per Kelly, C. B.; Cox v. Lee, L. R.; 4 Exch., 288; Hart v. Wall, 2 C. P. D., 146.
“ The article here complained of is not susceptible of *211 a double meaning—one innocent, and the other libellous, and the action does not fall within the rule requiring the jury to determine whether the article is libellous or not.
Smith, Bowman & Close, attorneys, and Artemas B. Smith of counsel, for appellant.
Lowrey, Stone & Auerbach, attorneys for respondent..
“ The rule applicable is that where, upon the whole evidence, a verdict in favor of a plaintiff would be set-aside as against evidence, it is the duty of the court to grant a nonsuit. Neurendorff v. World M. I. Co., 69 N. Y., 389. This is such a case.
“No injustice was done to the plaintiff, his complaint was properly dismissed, and the motion for a new trial must be denied.”
Per Curiam.
Judgment and order affirmed the opinion of the learned trial judge.