MANHATTAN LIFE INS. Co. *v.* FORTY-SECOND ST. & GRAND ST. FERRY R. Co.

(*Supreme Court, General Term, First Department.* May 13, 1892.)

CORPORATIONS—LIABILITIES—REPRESENTATIONS OF OFFICERS.

Where the president of a corporation, in negotiating with a third person for a loan to himself individually, represents that certificates of stock in the corporation which he offers as collateral are genuine, he is acting for himself in his individual capacity, and does not bind the corporation by such representations. *Bank of Batavia* v. *New York, L. E. & W. R. Co.*, 106 N. Y. 195, 12 N. E. Rep. 433, and *Fifth Ave. Bank* v. *Forty-Second St. & G. S. F. R. Co.*, (Sup.) 17 N. Y. Supp. 826, distinguished.

Appeal from circuit court, New York county.

Action by the Manhattan Life Insurance Company against the Forty-Second Street & Grand Street Ferry Railroad Company to recover money loaned to one Eben S. Allen. From a judgment dismissing the complaint plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and ANDREWS, JJ.

*Hoyt & Schell,* (*A. H. Holmes*, of counsel,) for appellant. *P. H. Smith,* for respondent.

VAN BRUNT, P. J. In September, 1888, one Eben S. Allen, at that time the president of the defendant, procured a loan of $6,500 from the plaintiff upon his own promissory note for that amount, and gave to the plaintiff, as collateral security for said note, an alleged certificate for 100 shares of the defendant's capital stock, with an assignment of said stock to the plaintiff with full power to transfer the same. The note not having been paid, the plaintiff tendered the alleged certificate to the defendant, and demanded the transfer thereof to the plaintiff, which was refused on the ground that the certificate was forged and spurious. The plaintiff thereupon brought this action to recover the amount of the loan. Upon the trial of the action it appeared that from March, 1883, to April, 1888, Allen had been secretary, treasurer, and transfer agent of the defendant company, at which latter date he became president, and remained such president until August, 1889. One John Green was its president from 1867 to March or April, 1883; Charles Curtis from April, 1883, to April, 1888. Curtis was transfer agent while Green was president, with the exception of the year 1868. Charles P. Emmons became transfer agent in April, 1888, and remained such until August, 1889. One Jacobs was treasurer in April, 1888, and remained such until 1889. The authorized capital stock of the defendant was 750 shares, all of which, except 20 shares, had been issued prior to the 1st of January, 1870. Some time between 1876 and 1880, when Green, the then president, was going away, he signed ten or twelve certificates in blank, to enable transfers of stock to be made during his

absence, and gave them to Curtis, who retained them two weeks.   Allen then took charge of them, and put them in a private drawer in the safe.   At or about the time he obtained the loan above mentioned he filled out the body of the certificate in question, dating it February 10, 1881, forged Curtis' name as treasurer and his own name as transfer agent thereto, and took it to the office of the plaintiff, and obtained the loan.   Green died prior to February, 1887, and Curtis during the summer of 1888.   Thus at the time of the filling out of the certificate both Green and Curtis were dead, and Emmons was the transfer agent.   Upon these facts the court dismissed the complaint, and from the judgment thereupon entered this appeal is taken.

It is claimed upon the part of the plaintiff that the defendant is liable to the plaintiff for the acts of its president, because a corporation whose officer negotiates its stock, regular upon its face, is estopped from denying its validity, and is liable for the damages sustained by an innocent third party, a holder for value, who dealt with such officer in entire good faith.   And we are cited to the case of *Bank of Batavia* v. *New York, L. E. & W. R. Co.*, 106 N. Y. 195–199, 12 N. E. Rep. 433, and cases there cited, as an authority for this proposition.   In this case it is held that it is a well-settled doctrine of the law of agency in this state that when the principal has clothed its agent with power to act upon the existence of some extrinsic facts necessarily and peculiarly within the knowledge of the agent, and of the existence of which the act of executing the power is itself the representation, a third person dealing with such agent in entire good faith pursuant to the apparent power may rely upon the representation, and the principal is estopped from denying its truth to his prejudice.   But the difficulty with the plaintiff's case is that the facts do not bring it within the rule above mentioned, for the reason that at the time of the presentation of this certificate Allen was not actually or apparently acting as the officer or agent of the defendant.   He was transacting his own personal business; he was obtaining a loan for himself at the plaintiff's office.   The plaintiff knew that it was Allen's individual transaction, because the loan was made upon Allen's individual note; and whatever representations may be assumed to have been made by Allen, by the presentation of the certificate, were Allen's representations, and not those of the company.   Allen, therefore, was not acting in his official capacity as the representative of the defendant at the time of the making of this loan; and the case consequently does not come within the principle holding corporations liable for the representations of their agents when acting for and on behalf of the corporation.   In this respect the case differs materially from that of *Fifth Ave. Bank* v. *Same Defendant,* 17 N. Y. Supp. 826, (heretofore decided by this court,) where the defendant was held liable because inquiry was made of the proper officer at the offices of the company, and the statement was there made that the stock was genuine.   In that case the officer was acting on behalf of the company and within the scope and limit of his authority, and thereby the defendant was liable because of the falsity of that representation.   The case of *Shaw* v. *Mining Co.*, 13 Q. B. Div. 103, does not apply to the case at bar, because the secretary in that case in issuing the stock in question was acting as an officer of the corporation, and apparently within the scope of the authority conferred upon him.   The case is a direct authority in support of the decision of the *Fifth Ave. Bank Case,* but has no application to the case at bar.   We are of opinion that the judgment should be affirmed, with costs.   All concur.