BANK OF NEW YORK, NATIONAL BANKING ASSOCIATION, Plaintiff, *v.* AMERICAN DOCK AND TRUST COMPANY, Defendant.

*Spurious warehouse receipt, made by an officer of a company in his own favor — notice.*

When what purports to be the contract of a company shows upon its face the use by an officer of the company of his official position for his own benefit, everyone to whom the contract comes is put upon inquiry.

When an officer of a warehouse company, having general authority to sign warehouse receipts, makes out and signs, as such officer, a warehouse receipt for goods in his own name, a person to whom such receipt is presented on an application, and as security, for an advance of money thereon for the personal benefit of such officer, knowing that the person in whose favor the receipt is drawn is the same person who signed it, is put upon inquiry and is bound to verify the genuineness of the receipt in some proper way; reliance upon the representations of the officer himself will not place him in the position of a *bona fide* holder and enable him to hold the company liable for the receipt in case it is spurious.

MOTION by the plaintiff, the Bank of New York (National Banking Association), for a new trial, upon exceptions ordered to be heard at the General Term in the first instance, upon a dismissal of the complaint at the close of the plaintiff's evidence, on a trial at the New York Circuit on the 16th day of January, 1893.

The action was brought to recover from the defendant, a domestic corporation, damages sustained by the plaintiff bank through discounting, for Medad W. Stone, a promissory note made by him, upon the collateral security of a warehouse receipt of the defendant company, in favor of Stone, which was in fact spurious and fraudulent.

*John B. Whiting,* for the plaintiff.

*Thaddeus D. Kenneson,* for the defendant.

BARRETT, J. :

The main question here is whether the plaintiff is to be treated as a *bona fide* holder of the warehouse receipt, upon the faith of which it advanced money to the defendant's president, Stone. This warehouse receipt was signed " M. W. Stone, Prest.," and it acknowledged the receipt on storage at the American docks, for account of

M. W. Stone, of 162 bales of cotton. This acknowledgment was false. The company had received no such cotton. Stone had simply prepared and signed the paper to raise money thereon for his own private purposes.

There is no question here of general authority. Both the president and the treasurer were expressly authorized by the board of directors to sign warehouse receipts. If, in the present case, therefore, this particular receipt had been made out in the name of some one disconnected with the company, and the plaintiff had innocently and in good faith advanced money to such person thereon upon the strength of official representation, a recovery could doubtless have been had. There is ample support for this proposition in the case of *Fifth Avenue Bank* v. *Forty-second Street and Grand Street Ferry Railroad Company,* decided by the Court of Appeals, and reported in 33 North Eastern Reporter, 378, and 137 N. Y. 235. But here the receipt was made out in the name of the president and was signed by him. The plaintiff knew that the Stone named in the receipt was the same person who, as president, had signed it. The implication was that the defendant's president had attempted to contract with himself as an individual. The instrument not only acknowledged the receipt of the goods, but specified the terms and conditions of the pretended bailment. Upon the presentation of such a document, to be used for Stone's personal benefit, the plaintiff was at once put upon inquiry, and was bound to verify its genuineness in a proper way. It certainly could not rely upon the representation of the officer, whose very appearance in the transaction was what called for the inquiry. Any representation that he made would necessarily have been individual and not official. The law does not recognize his acting in the dual capacity. He cannot at the same moment borrow the money as an individual and as an officer represent the genuineness of the security.

The case on this head is directly within the principle enunciated in *Manhattan Life Insurance Co.* v. *Forty-second Street & Grand Street Ferry R. Co.* (19 N. Y. Supp. 90), and in *Moores* v. *Citizens' National Bank of Piqua* (111 U. S. 164).

There is a plain distinction between the present case and those cases where the instrument simply acknowledged the officer's inter-

est in the company. This distinction was pointed out in *Titus* v. *The President, etc.* (5 Lans. 250; S. C., 61 N. Y. 237), and the rule laid down in *Claflin* v. *The Farmers and Citizens' Bank* (25 id. 295), was not questioned. That rule, in substance, is, that when what purports to be the company's contract shows upon its face the officer's use of his official position for his own benefit, everyone to whom the contract comes is put upon inquiry. (See, also, *Nuendorff* v. *World Mutual Life Insurance Co.*, 69 N. Y. 389; *Pratt* v. *Dwelling House Mutual Life Insurance*, 53 Hun, 101; *Farrington* v. *The South Boston R. R. Co.*, 150 Mass. 406).

The plaintiff was permitted to show the actual transaction between it and Stone; that is, the loan of the money relying upon the warehouse receipt and in ignorance of its character. What were excluded were Stone's representations. But these representations, as we have seen, were not official. The representations were made at the bank when Stone applied for the loan, and were simply his individual statements with regard to his own private business.

Even if admitted they would not have helped the plaintiff, for nothing that Stone could have said at the time and under the circumstances would have absolved it from the duty of further inquiry. And no other inquiry was made.

The exceptions should be overruled and the judgment ordered dismissing the complaint, with costs of this application and of the trial.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Exceptions overruled and judgment ordered dismissing the complaint, with costs of this application and of the trial.