considerable quantity of beer that would be spoiled without ice, under stress of the circumstances, made a new contract, at a higher price, it was held that such new contract was not obtained by duress. Goebel v. Linn, 47 Mich. 489, 11 N. W. 284. In these cases, as in the case before us, the party acted with full knowledge of all the facts, and with the option either to refuse to yield to the exaction, and rest upon his legal remedies, or to submit for the sake of present advantage. The payment was therefore as voluntary as any agreement for a price for what is desired or must be had. The necessities of one of the parties to a contract do not make the contract invalid. If so, a contract which would be valid if made with a man easy in his circumstances becomes invalid when the contracting party is pressed with the necessity of immediately meeting his bank payment. But this would be a most dangerous, as well as most unequal, doctrine; and, if accepted, no one could well know when he would be safe in dealing on the ordinary terms of negotiation with a party that professes to be in great need. Hackley v. Headley, above. Nor can the recovery be had on the ground that it was the exaction of unlawful costs by the attorney; i. e. an officer of the court or public officer. The action is not against the attorney, as in the case cited by appellant (Britton v. Frink, 3 How. Prac. 102), and the demand was not of costs.

Judgment reversed, and new trial ordered; costs to appellant to abide the event. All concur.

---

(18 App. Div. 246.)
### LORD v. BANKERS' LIFE INS. CO. OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. June 8, 1897.)

INSURANCE—PREMIUMS—PAYMENT—EVIDENCE.

On an issue whether a life insurance premium was paid, plaintiff put in evidence a receipt signed by one authorized to receive premiums, and testified that the policy and receipt were handed to her by deceased, her husband. The general manager of the company testified that the policy was sent to deceased with a letter stating that the receipt for premium was inclosed, and that deceased might send check at his convenience, and testified that the premium was not paid, to his knowledge. The person who signed the receipt, however, was not introduced by the company. Held, that the issue was for the jury.

Appeal from trial term, Kings county.

Action by Mary E. Lord against the Bankers' Life Insurance Company of the City of New York. From a judgment entered on a verdict in favor of plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

William G. Davies, for appellant.
John F. Clarke, for respondent.

BRADLEY, J. Action on a policy of insurance issued by the defendant upon the life of Joseph B. Lord for $3,000, payable to the plaintiff, his wife, within a specified time after his death. The

policy was dated June 19, 1894. The death of the insured occurred on the 22d day of July, 1894. The only question arising upon the issues was whether or not the first quarterly premium of $17.10 was paid. The plaintiff produced and put in evidence a receipt, without date, stating that such quarterly premium was received. To the receipt was subscribed the name, "F. C. Elder, Secretary, per W. H. M." The making of the receipt was not questioned, and it was conceded that W. H. Macomber, whose initials are subscribed to the receipt, was authorized to receive premiums for the coupany. And it appears by the evidence of the plaintiff that the policy and the receipt were handed to her by her husband. The facts thus far are not questioned. But Mr. Townsley testified: That he was general manager of the defendant. That the policy, having been issued upon the application of the insured, was sent to him by mail, with a letter, of which the following is a copy:

"June 20th, 1894.

"J. B. Lord, Worth St., N. Y.—Dear Sir: Herewith find policy No. 390, $3,000 on your life; quarterly premium, $17.10. The receipt for quarterly premium is inclosed. You can send check at your convenience. Of course, the policy is not in force until premium be paid.

"Yours, truly,      H. B. Townsley, General Manager."

That the premium was not paid, to his knowledge. That he received some of the premiums in the office at that time, and that Mr. Macomber, whose initials appear on the receipt, also received premiums, at the office, at which there was always some one to receive premiums, and he thought that the books were then kept by Mr. Macomber. This constitutes the evidence given upon the trial. As the appeal is from the judgment only, no question of fact is reviewable here. And the only question of law for consideration arises upon exception to the refusal of the court to direct a verdict for the defendant.

The witness did not testify that the receipt in evidence, or any receipt, was inclosed in the letter which he says was sent with the policy to the insured; yet, if the letter was sent to him, the inference was warranted that the receipt mentioned in the letter went with it to him, and that it was the receipt produced by the plaintiff at the trial. But the relation of the witness Townsley to the defendant was such as to present the question of his credibility for consideration by the jury. Dean v. Van Nostrand (N. Y. App.) 4 N. E. 134. Then some significance may have been given to the failure of the defendant to call as a witness Mr. Macomber, whose initials to the receipt indicated its execution by him in the name or for the secretary of the company, and who was authorized to receive premiums paid for insurance. Milliman v. Railway Co., 3 App. Div. 109, 39 N. Y. Supp. 274. The receipt put in evidence by the plaintiff was prima facie evidence of payment of the premium. This is consistent with the views of the court in Neuendorff v. Insurance Co., 69 N. Y. 389. There the person on whose life the policy was issued had the relation of clerk to the general agent of the company. The evidence of payment relied upon was a receipt in the usual form, signed by the secretary, and countersigned by the de-

ceased in behalf of the general agent. Such receipt, with others, was delivered to him to receive the premiums, and, upon the receipt of payment, to countersign and deliver them to the person entitled to them. It was there held that, in view of the general rule that an agent cannot in the same transaction act for himself and his principal, his mere possession of the receipt was no evidence that he had paid the money to the company, and that the receipt in that case was his mere acknowledgment that he had received the money from himself. In the opinion there delivered the remark was made that a receipt in favor of a third person may have been prima facie evidence of payment. In the present case there was evidence in support of payment of the premium, and the question in that respect was one of fact which was properly submitted to the jury. The defendant's exception, therefore, was not well taken.

The judgment should be affirmed. All concur.