(81 Misc. Rep. 223.)

### MURPHY v. HARRISON GRANITE CO.

(Supreme Court, Appellate Term, First Department. June 24, 1913.)

1. BROKERS (§ 65*)—RIGHT TO COMMISSIONS—SERVICES—UTMOST GOOD FAITH.
   Where defendant agreed to pay plaintiff's assignor a brokerage commission of 10 per cent. on the contract price of a mausoleum to be sold through her efforts, provided there was no competition, defendant was entitled to her best efforts to obtain the contract against all competitors; and hence plaintiff's assignor, having brought about competition by soliciting similar employment from other manufacturers, could not recover com-

_____

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

missions from defendant on its subsequently obtaining the contract, in the absence of defendant's waiver of the fraud.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 48–50; Dec. Dig. § 65.*]

2. BROKERS (§ 65*)—ACTION FOR COMMISSION—FRAUD—WAIVER.

Where defendant contracted to pay plaintiff's assignor a commission for obtaining a contract for a mausoleum if it was obtained without competition, the fact that defendant entered into the contract for the construction of the mausoleum after competition had developed did not constitute a waiver of the fraud of plaintiff's assignor in inducing such competition, in the absence of any showing that defendant, with knowledge of the fraud, had promised to pay the commission.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 48–50; Dec. Dig. § 65.*]

Appeal from City Court of New York, Trial Term.

Action by Timothy J. Murphy against the Harrison Granite Company. From a judgment for plaintiff on a directed verdict, defendant appeals. Reversed, and new trial ordered.

Argued June term, 1913, before SEABURY, PAGE, and BIJUR, JJ.

Cabell & Gilpin, of New York City, for appellant.

J. Campbell Thompson, of New York City, for respondent.

PAGE, J. The plaintiff sued to recover a commission of 10 per cent. upon the contract price realized by the defendant for the erection of a mausoleum. There is no substantial dispute as to the facts, and, as the verdict was directed against the defendant, any conflict in the evidence must be resolved in its favor. Plaintiff's assignor, a Miss Irwin-Martin, called upon the defendant and stated that she had a commission to execute for a friend, who wanted a mausoleum built and asked if they did that kind of work, and, when told that they did, asked what commission they paid, and was told that depended upon the price obtained and whether there was competition. She stated that she controlled the matter, and that there would be no competition. Thereupon an agreement was made to pay her a commission of 10 per cent. A letter was sent to Miss Irwin-Martin the next day that expressed the terms of this agreement as follows:

"In accord with our conversation I beg to confirm the agreement that, should you succeed in placing in our hands a contract for a mausoleum, we will pay you 10 per cent. commission; provided, of course, that the contract is acceptable to us as to responsibility and price."

Thereafter Miss Irwin-Martin introduced a representative of the defendant to the persons desiring the mausoleum, and they obtained the contract; after, however, entering into a competition with several other builders and contractors. When the defendants found that there was competition, they informed the plaintiff's assignor that they could not pay the full commission. It afterwards transpired that the competition had been produced by Miss Irwin-Martin herself; she having called upon the various builders and contractors who made a specialty of mausoleums, and upon similar representations had procured agreements from each similar to the one obtained from the defendant.

The learned trial judge directed a verdict upon the ground that no modification of the agreement had been pleaded, and that the contract for the building of the mausoleum had been entered into by the defendants after they had knowledge of the fact that competition had developed, and had thereby waived the fraud. The learned justice evidently failed to consider the obligation that rested upon Miss Irwin-Martin, as the broker or agent of the defendant, to deal with it in the utmost good faith, imposed by the confidential relation that existed between them.

[1] The case was determined undoubtedly upon the theory that the only misrepresentation was that there would be no competition when she knew that there would be. But the fact is that by the agreement the defendant was entitled to the best efforts of the broker to obtain the contract against all competitors, a duty that she did not and could not perform, because she had assumed a like obligation to all the competitors. The case at bar is strikingly similar to Murray v. Beard, 102 N. Y. 505, 508, 7 N. E. 553, 554, in which a nonsuit was granted below upon the ground that there was no consideration for the promise to pay commission, where the court, affirming the judgment, said:

"We think the judgment was properly ordered on that ground, and that it can also be sustained upon the ground of fraudulent suppression of material facts by the plaintiff in making the contract, as well as that it was contra bonos mores. The plaintiff, while assuming to act for the defendants in obtaining the contract of sale, was in fact under equal obligations, to competing dealers, to assist them in effecting the same sale. Thus, if the plaintiff's services could have been of advantage to any one, he was under the necessity of being treacherous to one employer or another. An agent is held to uberrima fides in his dealings with his principal, and if he acts adversely to his employer in any part of the transaction, or omits to disclose any interest which would naturally influence his conduct in dealing with the subject of the employment, it amounts to such a fraud upon the principal as to forfeit any right to compensation for services. Story on Agency, §§ 31, 334; Story's Eq. Jur. § 315; Ewell's Evans on Agency, 268; Dunlap, Paley on Agency, 105, 106; Carman v. Beach, 63 N. Y. 97, 100. It is an elementary principle that an agent cannot take upon himself incompatible duties and characters, or act in a transaction where he has an adverse interest or employment. N. Y. Cent. Ins. Co. v. Nat. Pro. Ins. Co., 14 N. Y. 85; Ewell's Evans on Agency, 14; Greenwood v. Spring, 54 Barb. 375; Neuendorff v. World Mut. Life Ins. Co., 69 N. Y. 389. In such a case he must necessarily be unfaithful to one or the other, as the duties which he owes to his respective principals are conflicting, and incapable of faithful performance by the same person. The plaintiff in this case was a bidder for the contract, and if he succeeded in obtaining it himself, and had not the piles to fulfill it, he was under equal obligations to several different persons to employ their piles in its performance. Some or all of his principals must have been disappointed by him, and he would have been under the necessity of violating his obligations to some of his employers. Such conduct is violative of the plainest principles of morality and fair dealing, and cannot be sustained by a court of justice."

[2] There was no waiver occasioned by the defendant entering into the contract after competition had developed. A waiver can only be predicated upon action with knowledge of the facts. In this case the defendant did not know that Miss Irwin-Martin was employed by the other competitors, and, if it had, it was not bound to withdraw from

the competition or to refuse to sign the contract. Had the defendant, with knowledge of Miss Irwin-Martin's conduct in this behalf, promised to pay her the commission, or by some subsequent dealing with her inconsistent with its right to repudiate the agreement to pay her a commission, shown its intention to waive her violation of duty, the learned justice's contention would have been correct. But there was nothing in the acts or dealings of the defendant that showed such an intention.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.