JAMES MURRAY, Appellant, *v.* WILLIAM H. BEARD et al., Respondents.

An agent is held to the utmost good faith in his dealings with his principal; if he acts adversely to his employer in any part of the transaction, or omits to disclose any interest which would naturally influence his conduct in dealing with the subject of the employment, it is such a fraud upon his principal as forfeits any right to compensation for his services.

An agent may not act as such in a transaction where he has an interest or employment adverse to his principal.

Plaintiff, a timber broker in New York, having learned that a company required a large number of piles and were about to advertise for bids from timber merchants to supply them, visited the several dealers therein in New York and Brooklyn, among them the defendants, obtained prices and under the inducement that he would act for them respectively in procuring a sale, obtained a promise from each that if he secured a sale for such dealer he should receive an agreed commission. Plaintiff did not inform the dealers of the name of the intended purchaser, or that a contract could be obtained only by competitive bidding, or that he had effected a similar understanding with other dealers. The company issued proposals, and sent to said dealers, including defendants, invitations to compete for the contract. Plaintiff, defendants and other dealers submitted bids for the contract, which was awarded to defendants. In an action to recover the agreed commission wherein the above facts appeared, *held*, that plaintiff was properly nonsuited; that there was no consideration for the agreement; also that there was a suppression of material facts on the part of plaintiff in making the contract; and that it was against good morals, as plaintiff owed duties to different principals, which were conflicting and incapable of faithful performance by the same person; also *held*, that the proof failed to show any service rendered by plaintiff to defendant in effecting the sale.

(Argued April 28, 1886; decided June 1, 1886.)

Appeal from judgment of the General Term of the City Court of Brooklyn, entered upon an order made June 9, 1884, which affirmed a judgment in favor of defendants, entered upon an order dismissing the complaint on trial.

This action was brought by plaintiff, a timber broker, to recover commissions for services alleged to have been rendered for the defendants in effecting the sale of about four thousand five hundred piles.

The material facts are stated in the opinion.

*Henry D. Hotchkiss* for appellant. It was not necessary for plaintiff to ask to go to the jury. His exception to the ruling of the court was sufficient. (*Stone* v. *Flower,* 47 N. Y. 566; *Frecking* v. *Rolland,* 53 id. 422.) The disposition made of the case by the trial judge amounted in effect to a decision that, as a matter of law, the plaintiff had not produced sufficient evidence to sustain his alleged cause of action. (*Scofield* v. *Hernandez,* 47 N. Y. 313; *Colt* v. *Sixth Ave. R. R. Co.,* 49 id. 671.) Upon this appeal the plaintiff must have the benefit of all the facts his evidence tended to prove. (*Wylie* v. *Marine Nat. Bk.,* 61 N. Y. 417.) A cancellation was not effected by defendants merely bidding a lower price, no effort to obtain the higher price having been made, or proof offered that it could not have been obtained. (*Chilton* v. *Butler,* 1 E. D. Smith, 151–2; *Wylie* v. *Marine Bk.,* 61 N. Y. 415; *Sibbald* v. *Bethlehem I. Co.,* 83 id. 378.) No question as to invalidity of the agreement as to bidding is raised by the answer. (*Marsh* v. *Russell,* 66 N. Y. 288; *Dutch* v. *Harriman,* 37 Sup. Ct. 306; *Jones* v. *North,* 19 Eq. Cas. 426.) The law will not presume an agreement void or illegal, or against public policy when it is capable of a construction which will make it valid. (*Curtis* v. *Gokey,* 68 N. Y. 300.) The agreement between these parties was not intended to, nor could it have had any tendency to reduce the number of bidders or prevent the work from being let to the lowest bidder. (*Kearney* v. *Taylor,* 15 How. [U. S.] 494.) The agreement at the most made the parties joint bidders, and a joint proposal the result

of honest co-operation, though it might prevent the rivalry of the parties and thus lessen competition, is not an act forbidden by public policy. (*Atchison* v. *Mallon*, 43 N. Y. 151.) No matter how slight the service performed by the plaintiff, such service was good consideration for the defendant's promise to pay. (*Lampleigh* v. *Brathwait*, 1 Smith's Lead. Cas. 67.)

*Thomas E. Pearsall* for respondents. In order to entitle plaintiff to recover, he should prove his authority to act for defendants, and that his agency was the procuring cause of the sale, *i. e.*, that he discovered the purchaser, started the negotiations between the parties and a closing of the bargain as the result of his agency. (*Stillman* v. *Mitchell*, 2 Robt. 523 ; *Chilton* v. *Butler*, 1 E. D. Smith, 150 ; *Goodspeed* v. *Robinson*, 1 Hilt. 423.) Simply calling attention to the matter is insufficient. (*Halley* v. *Townsend*, 16 How. Pr. 125 ; *Cushman* v. *Gow*, 1 Hill, 356 ; *Pierce* v. *Thomas*, 4 E. D. Smith, 354.) Plaintiff does not even prove that he first called defendants' attention to the matter, and, therefore, it was proper for them to act as they did. (*Wylie* v. *Marine Nat. Bk.*, 61 N. Y. 415 ; *Frazer* v. *Wyckoff*, 63 id. 445 ; *Sibbald* v. *Bethlehem I.' Co.*, 83 id. 378.) The arrangement, as alleged by plaintiff, to both bid the same amount was void as being against public policy, there being no valid consideration on plaintiff's part for the payment to be made to him. (*Doolin* v. *Ward*, 6 Johns. 194; *Wilbur* v. *How*, 8 id. 444 ; *Woodworth* v. *Bennett*, 43 N. Y. 273.)

RUGER, Ch. J. The claim in this case presents a novel industry and one which, if successful, would promise to be the source of profit to its prosecutors, without much expenditure of time or money. The plaintiff, a timber broker, learning that the Hamburg American Packet Company was about to build a pier, requiring a large number of piles in its construction, and to advertise for bids from timber merchants to supply them, visited the several dealers in such materials in New York and Brooklyn, and obtained prices therefor, and

under the inducement that he would act for them respectively in securing a sale of piles, obtained promises from each that if he secured a sale for such dealer, he should receive a commission of twenty-five cents on each pile sold.    He did not inform the dealers, of the name of the intending purchaser, or the fact that a contract could be obtained only by competitive bidding, or that he had effected a similar understanding with other dealers.    The company soon thereafter issued proposals for the supply of piles, and sent invitations to dealers generally, among whom were the defendants, to compete for a contract for the piles required.    A number of persons, among whom were the plaintiff, the defendants and other dealers, submitted bids for such contract, and after a canvass of such proposals by the company's engineer, he awarded the contract to the defendants.    The defendants having refused to pay the plaintiff's claim for commissions, this action was brought to recover them.

On the trial the plaintiff was nonsuited upon the ground that there was no consideration for the promise to pay commissions.    We think the judgment was properly ordered on that ground, and that it can also be sustained upon the ground of fraudulent suppression of material facts by the plaintiff in making the contract, as well as that it was *contra bonos mores*.    The plaintiff, while assuming to act for the defendants in obtaining the contract of sale, was in fact under equal obligations, to competing dealers, to assist them in effecting the same sale.    Thus if the plaintiff's services could have been of advantage to any one, he was under the necessity of being treacherous to one employer or another.    An agent is held to *uberrima fides* in his dealings with his principal, and if he acts adversely to his employer in any part of the transaction, or omits to disclose any interest which would naturally influence his conduct in dealing with the subject of the employment, it amounts to such a fraud upon the principal, as to forfeit any right to compensation for services. (Story on Agency, §§ 31, 334; Story's Eq. Jur., § 315; Ewell's Evans on Agency, 268; Dunlap Paley on Agency 105, 106; *Carman* v. *Beach*, 63 N. Y. 97, 100.)    It is an elementary principle that an agent cannot

take upon himself incompatible duties, and characters, or act in a transaction where he has an adverse interest or employment. (*N. Y. Cent. Ins. Co.* v. *Nat. Pro. Ins. Co.*, 14 N. Y. 85; Ewell's Evans on Agency, 14; *Greenwood* v. *Spring*, 54 Barb. 375; *Neuendorff* v. *World Mut. Life Ins. Co.*, 69 N. Y. 389.) In such a case he must necessarily be unfaithful to one or the other, as the duties which he owes to his respective principals are conflicting, and incapable of faithful performance by the same person. The plaintiff in this case was a bidder for the contract, and if he succeeded in obtaining it himself, and had not the piles to fulfill it, he was under equal obligations to several different persons to employ their piles in its performance. Some or all of his principals must have been disappointed by him, and he would have been under the necessity of violating his obligations, to some of his employers. Such conduct is violative of the plainest principles of morality and fair dealing, and cannot be sustained by a court of justice.

Neither does the proof show that he rendered any service to the defendants in effecting the sale. His situation rendered him incapable of serving the defendants to advantage even if he had desired to do so, but the evidence fails to show any effort on his part to sell the defendants' property. He did attempt to sell his own property, or secure the contract for furnishing piles, but whether this was done for the defendants' benefit or not, does not appear. As we have seen, he was under contract obligations to others as well as to the defendants, and it does not lie in his mouth to allege that he intended to defraud others for the benefit of the defendants. There was no evidence showing a performance by the plaintiff of the obligations of his contract with defendants and he was, therefore, properly nonsuited on the trial.

The judgment should be affirmed.

All concur.

Judgment affirmed.