# ROBINSON *v.* CLOCK. 67

MORRIS ROBINSON, Appellant, *v.* HALLET T. CLOCK and JOSEPH R. STEIN, Respondents.

*Real estate broker's commissions — when they cannot be taken from both parties to an exchange of real property.*

Where, in an action by a real estate broker to recover commissions for services rendered in effecting an exchange of real estate, it appears that the plaintiff was employed not only by the defendants, but also by the other party to the exchange, from whom he had received commissions, and it does not appear that the plaintiff's employment by the other party to the exchange, or the fact that he was to receive compensation from that party, was known to the defendants, the complaint is properly dismissed, especially where the plaintiff testifies that his contract with the defendants required him " to get all the property I could for them, in exchange for Long Island lots."

APPEAL by the plaintiff, Morris Robinson, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Kings on the 12th day of March, 1897, upon the dismissal of the complaint at the close of the plaintiff's evidence, by direction of the court after a trial at the Kings County Trial Term.

*Charles W. Laskey*, for the appellant.

*Augustus M. Price*, for the respondents.

WILLARD BARTLETT, J. :

This action was brought to recover broker's commissions for services rendered in effecting an exchange of real estate. At the close of the evidence in behalf of the plaintiff it appeared that he had been employed, not only by the defendants, but by the other party to the exchange, from whom he had already received a payment by way of commission. It did not appear, however, that the plaintiff's employment by this other party, or the fact that he was to receive compensation from that party, was known to the defendants. Upon this proof, the learned trial judge dismissed the complaint.

We think it quite clear that he was right in so doing. The rule applicable to such cases cannot be better stated than it was in *Knauss* v. *Krueger Brewing Co.* (142 N. Y. 70), where PECKHAM, J., said : " It is undeniable that where the broker or agent is

invested with the least discretion, or where the party has the right to rely on the broker for the benefit of his skill or judgment, in any such case an employment of the broker by the other side in a similar capacity, or in one where by possibility his duty and his interest might clash, would avoid all his right to compensation." In the present case, the testimony of the plaintiff himself shows that his employment by the defendants, who desired to exchange their country lots for the other party's city property, was of such a character as to give the defendants the right to rely upon the plaintiff as a broker to serve them as against the interests of the other party to the exchange. "They asked me," says the plaintiff, "to get all the property I could for them, in exchange for Long Island lots." Such being his undertaking, he was hardly likely to serve the owner of the city property with equal fidelity, efficiency or zeal, and the rule applies which forbids the broker to take compensation from one party without the knowledge and consent of the other. The fact that he had agreed to take such compensation having been proven, it was incumbent upon him to establish the knowledge and consent of the defendants, and as the plaintiff failed to do this, his complaint was properly dismissed.

The judgment should be affirmed.

All concurred.

Judgment affirmed, with costs.