(31 Misc. Rep. 268.)

## BRIERLY v. CONNELLY.

(Supreme Court, Appellate Term. April 16, 1900.)

REAL-ESTATE BROKER—COMMISSION FROM BOTH PARTIES—SECRET AGREEMENT —BAD FAITH—COMMISSION—RECOVERY.

　　Where a real-estate broker sustains a confidential relation to his employer, it is error, on the trial of his action for commission, to exclude evidence of a secret agreement with the opposite party to a sale for an additional commission, since such an agreement would violate the broker's good faith towards his employer, and hence preclude his recovery.

Appeal from municipal court, borough of the Bronx, Second district.

Action by John J. Brierly against Martin Connelly. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before BEEKMAN, GIEGERICH, and O'GORMAN, JJ.

John P. Flanigan, for appellant.

Thomas Garrett Fennell, for respondent.

BEEKMAN, J. This action is brought by a real-estate broker to recover for his services rendered to the defendant in negotiating an exchange of defendant's farm in Westchester county for a house and lot in the city of New York belonging to one Schneider. The terms of the exchange were ultimately agreed upon between the defendant and the owner of the house and lot, but the defendant refused to sign the contract. In the course of the trial the defendant's counsel endeavored to show that the plaintiff had an agreement or understanding with Schneider by which he was also to receive a commission from him upon the transaction, and that this arrangement was unknown to the defendant at the time the negotiations were being conducted. He called Schneider as a witness, and asked him this question, "Q. Were you to pay Mr. Brierly commissions?" The plaintiff's counsel having objected on the ground that it was incompetent, immaterial, and irrelevant, the objection was sustained, and the defendant excepted. We think that this ruling was erroneous. Upon a previous attempt to introduce evidence bearing upon the same question, the counsel for the defendant stated that his object was to show that the plaintiff was working for both sides, and was not, therefore, entitled to any commissions. The trial justice, however, ruled against him, saying, "The only question before the court is as to this agreement, and whether defendant agreed to do what plaintiff claims he did," and upon the close of the case awarded judgment in favor of the plaintiff. It is thus apparent that the trial justice considered that, even if the defendant established the fact that there was a secret agreement between the plaintiff and Schneider for the payment by the latter of a commission, it would not

affect the right of the plaintiff to recover in this action. In this, we think, he was mistaken. The plaintiff was not a mere introducer of the parties, leaving them on their own responsibility to conduct the negotiations, but certainly, so far as the defendant was concerned, advised him upon questions of values, and took an active part in bringing about the agreement to which the parties ultimately came. Holding such a relation to the defendant, the plaintiff was bound to exercise the utmost good faith towards him,—an obligation which was violated by an undisclosed arrangement, if any there were, with the other party, for the payment of a commission upon the transaction by the latter. Where this is the case, the broker or agent forfeits his right to compensation. Murray v. Beard, 102 N. Y. 505, 508, 7 N. E. 553; Robinson v. Clock, 38 App. Div. 67, 55 N. Y. Supp. 976; Norman v. Reuther, 25 Misc. Rep. 161, 54 N. Y. Supp. 152. The defendant in this case was entitled to show the existence of such a secret agreement under his general denial (Norman v. Reuther, supra), and, if he established the fact to the satisfaction of the court, to a dismissal of the complaint. Having been debarred from making such proof under the ruling of the court, it follows that the judgment must be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.