<hr/>

(36 Misc. Rep. 643.)

### WOLFF et al. v. DENBOSKY.

(City Court of New York, General Term.   December, 1901.)

1. REAL ESTATE AGENT—ACTION FOR COMMISSION.

In an action for commissions earned in buying real estate for defendant, where the answer denies the allegations of the complaint, except that plaintiff was a broker, defendant may show that he took title, and that the price was as plaintiff alleged, that plaintiff, without defendant's knowledge or consent, acted at the same time for the vendor in attempting to sell the real estate, and that he obtained commissions.

2. SAME—INSTRUCTIONS.

In an action for real estate commissions defendant is entitled to an instruction that, if by the terms of the contract it is shown that there was nothing for the brokers to do, then a promise to pay them commissions was without consideration and void.

Appeal from trial term.

Action by Raphael Wolff and others against Morris Denbosky. From a judgment on a verdict, and from an order denying a new trial, defendant appeals.   Reversed.

Argued before HASCALL, DELEHANTY, and McCARTHY, JJ.

Nathan, Leventritt & Perham (Harold Nathan, of counsel), for appellant.

Oppenheim & Severance (Wales F. Severance, of counsel), for respondents.

HASCALL, J.   Plaintiffs, as real estate brokers, brought action to recover upon an alleged promise on the part of defendant to pay them "for their services in negotiating the purchase" of certain real estate a commission of 1 per cent. on the purchase price, provided the defendant purchased the premises for a less sum than $192,000, and they alleged that the amount due them was $1,900.   The defendant admitted that plaintiffs were brokers, that defendant's grantor delivered to him deeds of conveyance of title to the property, and that the selling price was the sum alleged, but denied all the other allegations of the complaint.   At the close of plaintiffs' case the defendant moved to dismiss the complaint, on the ground that, at the time plaintiffs alleged that they were employed by defendant to procure the purchase, they were also under employment to sell, were actually offering the property to others than defendant, that they could not act in a dual capacity as agents for both parties, with their agency undisclosed, and that, in accepting an alleged employment from the defendant, any promise to pay commission would be without consideration, illegal, and void.   Again, at the close of all the testimony, a similar motion was made, as also one for direction of a verdict in favor of de-

fendant, upon the ground that it appeared, by the undisputed evidence, that the brokers were acting for both sides, without any disclosure to the defendant of their agency for Mr. Lennon. Due and proper exceptions to the ruling of the court upon these applications appear upon the record, also due exceptions to certain charges of the court, as well as to certain refusals to charge.

We think that the court erred in refusing the defendant permission to establish under a general denial the fact that another party was to pay the commission (Brierly v. Connelly, 31 Misc. Rep. 268, 64 N. Y. Supp. 9; Norman v. Reuther, 25 Misc. Rep. 161, 54 N. Y. Supp. 152; Chatfield v. Simonson, 92 N. Y. 209); also in excluding evidence which tended to prove this defense. This latter suggestion finds authoritative support from the appellate division of the supreme court for the First department (Gracie v. Stevens, 56 App. Div. 203, 67 N. Y. Supp. 688), which very distinctly enunciates that, if the broker's skill and judgment were relied upon by defendant, then his agreeing to act in a similar capacity for the other party, where duty and interest might conflict, his acceptance of such arrangement, and its concealment from defendant, would avoid his right to recover any compensation. There was error also in the exclusion of evidence that plaintiffs had not informed defendant of the double employment. Frankel v. Wathen, 58 Hun, 543, 12 N. Y. Supp. 591; Robinson v. Clock, 38 App. Div. 67, 55 N. Y. Supp. 976. Under these circumstances the complaint should have been dismissed. Especially was it error, we think, to decline to direct a verdict after defendant's evidence had, in great part, confirmed his allegations, and considering the support they found from cross-examination of plaintiffs' witnesses. It was manifest error for the court in its charge to find, as matter of fact, that there was no proof in the case that plaintiffs ever received or demanded commission from Mr. Lennon, or that it did not appear that Lennon had any financial interest in the result. These were facts peculiarly within the province of the jury, and it was not for the court to instruct as it did, and thus remove certain testimony from the jury's consideration. We also think that the trial term was at fault in declining to charge the jury that if they found, by the terms of the alleged agreement, that the brokers were to do nothing, then such promise was without consideration, and the alleged agreement void.

Without further discussing the merits of additional objections and exceptions noted for the appellant, it would appear that sufficient have been set forth to uphold our conclusion. The judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

Judgment and order reversed, and new trial ordered, with costs to appellant to abide event.