A. L. STEELE, Appellee, v. C. H. CRABTREE, Appellant.

**Instructions:** FAILURE TO SUBMIT ISSUE. Failure to submit an issue tendered by the answer, in an action for services, to the effect that plaintiff agreed to take his pay in shares of stock of defendant corporation when the company was established on a paying basis, which constituted in effect a plea in abatement, was error.

**Instruction:** SUBMISSION OF ACCOUNT. In an action on account involving numerous issues, all of which were denied, and plaintiff claimed a balance after allowing conceded credits, the entire claim rather than the balance was in controversy, and the jury should have been so instructed.

**Action for services:** FRAUD AS A DEFENSE. Fraud and unfaithfulness of a servant in performance of his duty is available as a defense to an action on an express contract for the service, though not pleaded as a counterclaim; and where there is evidence to support the allegations of fraud, pleaded as defensive matter, refusal to submit the issue is error.

**Pleading:** WITHDRAWAL OF ISSUES: EFFECT. Where the same matter is available both in defense of an action and as the basis of

a counterclaim for damages, and is so pleaded, a withdrawal of the counterclaim is not a waiver of the right to insist on the same matter under the plea in bar.

**Appeal:** TAXATION OF COSTS. The cost of printing that part of an argument whch is a repetition of the evidence contained in the abstract will be taxed to the party submitting the same.

*Appeal from Polk District Court.*— HON. JAMES A. HOWE, Judge.

WEDNESDAY, APRIL 4, 1906.

*Read & Read* and *W. G. Clarke* and *Warren Walker,* for appellant.

*Carr, Hewitt, Parker & Wright,* for appellee.

WEAVER, J.— The plaintiff's petition is at law, and states his claim in two counts. In the first count he alleges the performance of various services at the request of defendant, and the payment and expenditure of various sums of money on account of the defendant, to an aggregate amount of $578.84, on which he concedes that defendant is entitled to credits in the aggregate sum of $517.04 leaving a balance due and unpaid to the plaintiff of $65.80. In the second count plaintiff alleges that in April, 1900, he entered into an oral agreement with defendant, whereby he undertook and agreed to assist defendant in the promotion of a certain gold mining company, which was, in fact, thereafter organized and known as the " Gladiator Consolidated Gold Mines & Milling Company." He further alleges that, in pursuance of said agreement, he did enter upon said business, and continued therein until December 1, 1902; that by the terms of said agreement, defendant bound himself to pay or deliver to the plaintiff for the services so rendered, 26,666 shares, of the par value of $1.00, of the capital stock of the mining company aforesaid; but, on demand duly made therefor, defendant has failed and refused to deliver the

said shares of stock, and otherwise perform his said promise and agreement. Plaintiff further alleges that at the date of his said demand the said stock was worth 50 cents per share, and he asks judgment against the defendant therefor in the sum of $13,333. The answer denies each of these several claims asserted by plaintiff. It admits that plaintiff did undertake and agree to render certain services in promoting a mining company for which service when completed, and when the company was on a paying basis, he was to receive in full compensation, 10,000 shares of the company's stock, and no more. It further charges that said company has never been established on a paying basis, and that plaintiff was unfaithful to the trust reposed in him, in that he failed to keep correct books or to make correct account of the moneys coming into his hands by virtue of his employment; that he wrongfully caused a large number of the shares of the company's stock to be issued to himself, and appropriated to his own use the moneys of the company. In a separate count defendant further pleads these various alleged wrongful acts and omissions together with others of a similar nature as a basis of a counterclaim upon which a judgment is asked against the plaintiff. On trial to a jury a verdict was rendered in favor of plaintiff in the sum of $6,866.22. Defendant's motion for new trial having been denied, judgment was rendered on the verdict, February 23, 1904, and the defendant appeals therefrom.

After the entry of the judgment aforesaid and during the same year the defendant filed a petition for a new trial based upon the alleged discovery of new and material evidence to sustain his defense to the plaintiff's claim. The substance of the showing thus made was to the effect that upon an expert examination of the accounts of the mining company, and of the defendant as kept by the plaintiff, there were newly discovered large deficits for which the plaintiff was responsible, as well as acts of unfaithfulness to the trust reposed in him. Upon trial to the court, the petition

was denied, and from this ruling, the defendant also appeals. The record, as presented to this court, is very voluminous, but our views upon some of the questions raised render it unnecessary for us to go into a minute examination of all the issues of fact involved in the controversy.

I. It is argued on behalf of appellant that the trial court failed to submit to the jury all the issues raised by the pleadings. From the statement already made it will be noted that the defendant's answer alleges that plaintiff's services were rendered under an agreement by which they were to be paid for in shares of stock to be issued to him after the mining company had been organized, and its business established upon a paying basis. This was in the nature of a plea in abatement, and there was evidence tending to sustain it. The trial court ignored the issue, and gave the jury no instruction in reference thereto. In this there was error. Whatever may have been the reason for such a stipulation, whether designed to stimulate and insure faithful service on plaintiff's part or for some purpose undisclosed by the record, nothing is shown to indicate that such an agreement was either void or voidable. It was the right of the defendant to have the issue submitted to the jury with the instruction that if the contract of employment was made on the terms alleged in the answer and the business of the company had never been established upon a paying basis, then the plaintiff's claim for compensation was not yet due, and he could recover nothing thereon in this action.

1. INSTRUCTIONS: failure to submit issue.

Objection is further made that the court misstated the issue joined upon the first count of the petition. The jury was told, among other things, that of plaintiff's bill of charges of $582.84, stated in the first count of the petition the sum of $517.04 was not in controversy, and that the amount in controversy was only $65.80. In a certain sense this instruction is correct, for the plaintiff claims and asks judgment on this

2. INSTRUCTION: submission of account.

branch of his case for $65.80, and no more.    But in another and more obvious sense the proposition is misleading.    The plaintiff's claim on this count is based on something more than a hundred different items and charges aggregating $578.84, and the jury could readily and properly understand from the court's instructions that these charges were all admitted by the defendant, except as to the amount of $65.80 demanded by the plaintiff.    On the contrary, each and every item charged against him was expressly denied by the defendant, and the entire claim was thereby involved in controversy, and the jury should have been so informed.

II.    The trial court in its charge to the jury made no mention, and submitted no question of the alleged fraud and misconduct of the plaintiff in the performance of the service for which he seeks compensation, and upon this omission error is assigned.    In our judgment the exception must be sustained.    If, in an action of this nature, the alleged fraud, dishonesty, or unfaithfulness of an employé were available to the employer only as the basis of a counterclaim, we could well say that the court's instructions were without error in this respect; but such is not the case.    Such conduct on part of the employé is a bar to the recovery by him of wages or compensation.    The plaintiff sues upon an express contract, and to recover thereon must have substantially and faithfully performed the agreement on his part.    *Spottswood v. Barrons,* 5 Exch. 110; *Blensarn v. Hodges,* 16 L. T. N. S. 608; *Turner v. Robinson,* 6 C. & P. 15; *Henderson v. H. Works,* 9 Phila. (Pa.) 100; *Libhart v. Wood,* 1 Watts & S. (Pa.) 265 (37 Am. Dec. 461); *Bixby v. Parsons,* 49 Conn. 483 (44 Am. Rep. 246); *Turner v. Kouwenhoven,* 100 N. Y. 115 (2 N. E. 637); *Peterson v. Mayer,* 46 Minn. 468 (49 N. W. 245, 13 L. R. A. 72); Wood's Master and Servant, sections 81, 84, 103.

Appellee contends, however, that even if such be the law the defendant has not pleaded any fraud or wrong on

3. ACTION FOR SERVICES: fraud as a defense.

part of plaintiff except by way of counterclaim, and that, such counterclaim having been withdrawn before the submission of the cause, there was no error in failing to mention the subject to the jury. This claim is not sustained by the record. The answer as distinguished from the counterclaim alleges that plaintiff wrongfully procured the issuance to himself of a large amount of the stock of the company; that he made false entries in the books of the company, and appropriated its moneys to his own use. In the absence of a motion for a more specific statement these allegations sufficiently presented the issue whether plaintiff was by his own wrong debarred from a recovery for his services. Nor can it be said that these allegations are wholly without support in the record. There is testimony tending directly to show that plaintiff, while in charge of the mining company's office, received subscriptions from persons desiring to purchase shares of stock accompanied by the money to pay for the same, and instead of delivering to the subscribers, stock from the company's treasury, as he was in duty bound to do, he substituted therefor shares, which he held as his own private property, and appropriated the money so received to his own use. The books are shown to have been kept by plaintiff, or under his direction, or at least the evidence is such that the jury could have so found. It is also shown that the accounts, as kept, were neither clear, full, nor satisfactory, and furnish little or no information by which some of the receipts of the company coming to his hands during the period in question can be traced or accounted for. All this may be explainable on the theory of unbusinesslike methods rather than from dishonest practices, but that was a question for the jury. The defense having been pleaded, and there being testimony tending to support at least a portion of the allegations, the omission by the court to submit the issue was prejudicial error. *Quinn v. R. R. Co.,* 107 Iowa, 710; *Gamble v. Mullin,* 74 Iowa, 99; *Robinson v. Berkey,* 100 Iowa, 136.

It is true that before the submission of the cause to the jury defendant dismissed so much of his counterclaim as was based upon an assignment from the mining company of its claim for damages against the plaintiff; but

**4. PLEADING:** withdrawal of issues: effect.

this withdrawal or waiver of a part of the demand for affirmative relief cannot be construed as a withdrawal of the defensive matter alleged in the pleading. This count of the answer concedes that plaintiff had been employed by the defendant to do certain work in connection with the promotion and organization of the mining company, and alleges that while in said employment he was guilty of certain wrongful and negligent acts to the injury of the company and of the defendant. In this connection, and as a part of its counterclaim, the assignment of the company's claim for damages was at first pleaded, but thereafter dismissed. If it be true, as claimed by the plaintiff, that in serving the company he was in fact in the employment of the defendant then unfaithfulness in such service would constitute a defense to an action to recover the agreed compensation without reference to any assignment from the company. And even though the matter pleaded was available as a basis for a counterclaim for damages, yet, if the same matter was also available in bar, the dismissal of the claim for damages cannot in reason be held to operate as a waiver of the bar in the absence of any other evidence of such an intent on part of the pleader.

III. The conclusions already announced necessitate a new trial. It is proper, therefore, that we refrain from any discussion of the testimony, except to say that a careful ex-

**5. APPEAL:** taxation of costs.

amination of the record made both on the original trial and on the supplemental hearing, convinces us that the petition for a new trial should have been sustained. Other questions argued are not likely to arise on retrial. For the reasons stated the judgment of the district court must be reversed.

The costs of this court will be taxed to the appellee ex-

cept the costs of printing one hundred and twenty pages of an argument of one hundred and fifty-six pages, filed by one of the appellant's counsel, which will be taxed to the appellant. This argument is made up in a great part of an unnecessary reprint of the abstract of the testimony of the witnesses in the case. Whatever the impression to the contrary, this court does examine the abstracts in cases submitted to its consideration, and the expedient adopted by some lawyers of re-embodying in their printed arguments masses of matter already printed in the abstracts serves no good purpose. The scriptural injunction against " vain repetitions " is one which can be observed with profit even in earthly courts. It is entirely proper for counsel to call attention to the material facts which they believe to have been proven and make suitable references to the page or pages of the abstract where the evidence thereof can be found, but more than that tends to incumber the record; and certainly the losing party should not be required to pay the expense of repeated printings of the same matter.— *Reversed.*