FRANK A. RUSSELL *vs.* JOSEPH L. KLEIN & another.

Suffolk.    March 30, 1917. — May 26, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Agency,* Agent's compensation.    *Custom.    Contract,* Performance and breach.

A real estate agent employed to manage certain apartment house property and to collect the rents during a period named, when called on to send a report and check, rendered an account, in which, instead of deducting from the amount of the rents collected by him merely the amount of his disbursements and of his commissions on the rents actually collected on leases of the apartments that had been let, he deducted a sum equal to five per cent on the yearly rental of all the property, against which he proposed to apply his charge of five per cent "as it accrued." There was no provision in the agent's contract with the owner of the property in regard to his retaining or reserving a sum covering prospective commissions, but he based his right to do so on a custom of his office, which was not known to the owner. The owner demanded the payment to him of the sum of money thus reserved in excess of the commissions on rents already collected, and, on the agent refusing such payment, the owner terminated the agency before the term of employment had expired. *Held,* that the custom unknown to the owner could not be made a part of the contract and that the owner had a right to terminate the agency.

BILL IN EQUITY, filed in the Superior Court on December 5, 1915, by a real estate agent, alleging the plaintiff's employment by the defendants as the agent for certain apartment house property and the wrongful termination of the contract of agency by the defendants, with a prayer for an accounting and for damages.

The case was referred to a master, who filed a report in which he found that the plaintiff was entitled to receive from the defendants the sum of $423.26.

The case was heard by *Jenney,* J., upon a motion of the plaintiff that the master's report be confirmed; and the judge made an interlocutory decree confirming the report.

Later the case was heard further by *Hardy,* J., who made a final decree that the bill be dismissed.   The plaintiff appealed.

*H. W. Ogden,* for the plaintiff.

*F. L. Simpson,* for the defendants.

BRALEY, J.   The record while conclusively indicating that the defendants must have answered, fails to disclose the averments of

the answer except as referred to in the master's report. But, no question of pleading having been raised, this omission may be treated as immaterial.

By the terms of the contract the plaintiff was given the exclusive agency to rent, collect the rentals, and manage certain apartment house property for the best interests of the owners from May 7, 1914, "until November 1, 1914, in any event, and until September 1st, 1915, unless an actual sale of the property should be consummated in the meantime." And acting thereunder the plaintiff as the defendants' agent assumed the management of the property, which with the exception of two suites was unoccupied. *Little* v. *Phipps,* 208 Mass. 331, 335. What was the effect, if any, upon the relations of the parties of the subsequent leasing of certain "suites" by the defendants, to whose acts the master finds the plaintiff assented, has not been argued, and no contention is made that the plaintiff is not entitled to his commission upon the rentals. But, as no time is specified in the contract when payments should be made, the period or periods when accounts should be rendered seems to have been left to the option of the defendants if reasonsably exercised, notwithstanding the custom of the plaintiff, who was engaged generally in the business of a real estate agent and broker, "to make up his accounts of rents received on all properties under his care up to and including the ninth of each month." The plaintiff accordingly complied with the defendants' demand that he send "a report and a check on account of rents collected on the buildings." *Cushman* v. *Snow,* 186 Mass. 169. *Clark* v. *Moody,* 17 Mass. 145, 148.

It appears in the statement submitted that, after deducting disbursements which are not questioned, a further and substantial sum was "reserved as brokerage" on certain specified leases "which shall include fee of 5 % on actual collections until equalled by the latter." And, upon the defendants demanding the amount retained less the commission on the rents already collected, the plaintiff refused to pay over the money and brought suit for an accounting and for damages.

The contract is silent as to any right of the plaintiff to make this reservation, and the "custom of his office to reserve from rents already received a sum equal to five per cent on the basis of the yearly rental against which he applied his charge of five per cent

as it accrued" cannot be read into the contract in view of the master's findings on evidence not reported, "that there was no agreement between the parties relative to the plaintiff's retaining or reserving any sum of money against which the plaintiff would or might charge five per cent as it accrued and that said custom . . . was unknown to the defendants." *Barrie* v. *Quinby*, 206 Mass. 259.·

The defendants having been justified by the refusal in terminating the agency before the term of employment had expired, the decree dismissing the bill is affirmed with costs. *Sipley* v. *Stickney*, 190 Mass. 43. *Macfarren* v. *Gallinger*, 210 Penn. St. 74.

*Ordered accordingly.*