## F. J. VENIE v. HARRIET STATE BANK OF MINNEAPOLIS.[1]

### June 11, 1920.

### No. 21,791.

**Corporation — duty of promoter.**

1. A promoter of a corporation stands in a fiduciary relation to those associated with him and to the proposed company, and is bound to act in perfect good faith in all his relations to the enterprise.

**Same — right to compensation forfeited.**

2. A betrayal of the trust thus reposed in him, and a fraudulent diversion of the funds received for the organization and equipment of the proposed corporation, will forfeit the right to compensation for services rendered in the promotion proceedings.

**Estoppel by former judgment.**

3. An adjudication in a former action between the same parties to the effect that plaintiff herein, while acting as promoter in the proceedings resulting in the incorporation of defendant, fraudulently converted the money and property contributed to the enterprise by his associates, is res judicata of that issue in this action; plaintiff is estopped thereon by the former judgment.

Action in the district court for Hennepin county to recover $5,150.46 for services rendered in the organization of defendant bank. The facts

[1]Reported in 178 N. W. 170.

are stated in the opinion. From an order, Jelley, J., granting defendant's motion to strike out the first three paragraphs of the reply on the ground that the same were sham, irrelevant and frivolous, and granting judgment in favor of defendant on the first cause of action, plaintiff appealed. Affirmed.

*Harold W. Cox* and *Robert M. Works,* for appellant.
*McDowell & Fosseen,* for respondent.

BROWN, C. J.

Appeal from an order striking out plaintiff's reply to defendant's answer as sham and frivolous and directing judgment against plaintiff on the first cause of action stated in the complaint.

It appears from the pleadings, and there is on the record no substantial dispute as to the facts, that plaintiff and others were associated together for the purpose of organizing the Lake Harriet State Bank, defendant in the action. Plaintiff assumed the burden of the undertaking, and conducted all preliminary negotiations looking to the consummation of the purposes of those engaged in the enterprise. He purchased the site for the bank building, superintended the construction of the building and equipped it with all necessary and proper furniture and fixtures. This action was brought to recover the reasonable value of the services rendered in that behalf. Other claims presented by the complaint are not involved. The question here presented involves only the first cause of action, which is founded on the facts stated.

Defendant answered, putting in issue the claim of plaintiff, and alleging as new matter that prior to the commencement of this action defendant brought an action against the plaintiff, charging in the complaint therein that plaintiff, while acting on behalf of his associates in the promotion and organization of the bank, fraudulently and wrongfully appropriated property and effects of the enterprise to his own use, which legally belonged to the promoters and the corporation when organized, and for which he failed and refused to account. An accounting was demanded, with a prayer for judgment for the amount of the misappropriated money and property.

Plaintiff herein interposed in defense to that action that, in the mat-

ter of acquiring the bank site and the construction and equipment of the building, he acted as an individual in his own interests and not as a representative of the promoters or the prospective bank; that subsequent to the organization of the bank he sold the bank building with equipment and furnishings to the bank for the sum of $13,000, of which $5,500 was represented by a mortgage on the property, and the balance of $7,500 was credited to him on the books of the bank by order of the board of directors. He put in issue all allegations of misconduct in the organization proceedings.

His defense was not sustained by the trial court. The court found expressly that in all preliminary matters preceding the organization of the bank, including the purchase of the site and construction and equipment of the bank building, he was acting for and on behalf of his associates, and with funds contributed by them on stock subscriptions, and in the interest also of the prospective bank. The court further found that he betrayed the trust confided in him by his associates, and by devious transactions had by him in the pre-organization proceedings, and by manipulation of the bank affairs as an officer after its organization, he wrongfully acquired the property and effects as charged in the complaint. Judgment was ordered against him for the value thereof, with interest and costs of suit.

All the facts in the controversy are stated with clearness by Judge Taylor in the opinion of the court, reported in Lake Harriet State Bank v. Venie, 138 Minn. 339, 165 N. W. 225, to which reference may be had for further detailed information.

The reasons for the order striking out the reply in the case at bar do not appear from the order of the court. But defendant contends that the order was fully justified: (1) Because of the inconsistency in the positions taken by plaintiff in the former and in this action, there maintaining that in the promotion proceedings he was acting not for his associates or for the prospective bank but for himself personally, and here that in such proceedings he was acting for his associates and for the bank; (2) that as a promoter plaintiff is not entitled to compensation for service rendered since the corporation is under neither an express nor implied promise to pay the same; and (3) that if entitled to com-

pensation he forfeited the right by the betrayal of his trust in the misappropriation of the funds entrusted to him as such promoter.

We do not stop to consider the first or second reason so advanced by defendant in support of the order, for we are clear that the third, the betrayal of the trust reposed in plaintiff, alone supports the action of the trial court. On the facts stated, which are made part of the record by the answer to which the reply was directed, the fact that in the organization proceedings plaintiff was acting for and in behalf of his associates and the prospective bank, is conclusively established by the former judgment, as well as by plaintiff's present claim to that effect. It was also conclusively established by the former judgment that plaintiff in the pre-organization proceedings, as the agent and representative of his associates and the prospective bank, betrayed the trust reposed in him, and by fraudulent conduct misappropriated the funds and property belonging to the enterprise. The court so found expressly, and that finding was the basis of the judgment against plaintiff. Plaintiff cannot now be heard to contend to the contrary. He is estopped by that adjudication. Sheets v. Ramer, 125 Minn. 98, 145 N. W. 787; 2 Dunnell, Minn. Dig. § 5162.

It is thoroughly settled law in this state and elsewhere that promoters of a corporation stand in a fiduciary relation to the company to be organized and those who subscribe for its stock, and are bound to act in perfect good faith in all their relations to the enterprise. De La Motte v. Northwestern Clearance Co. 126 Minn. 197, 148 N. W. 47, L.R.A. 1918E, 830; 7 R. C. L. 70. And where they betray their trust and by fraudulent means divert to their own use funds placed in their hands for the promotion of the company, they are guilty of such fraud as will deprive them of the right to compensation for services rendered in the organization proceedings. The rules and principles of law upon the subject of principal and agent apply, for such in effect and substance is the relation between the promoters and the prospective company and its stockholders. 7 R. C. L. 70. The rule of forfeiture of compensation for the fraud of an agent is applied generally by the courts, though it perhaps would not operate to preclude the right of reimbursement for advances made in furtherance of the interests of the principal.

But the claim of plaintiff by his first cause of action, the only branch of the case now before the court, is for services rendered in the promotion proceedings, and for the fraud found against him as heretofore stated he is not entitled to recover. Steele v. Crabtree, 130 Iowa, 313, 106 N. W. 753; Witte v. Storm, 236 Mo. 470, 139 S. W. 384; Jansen v. Williams, 36 Neb. 869, 55 N. W. 279, 20 L.R.A. 207; 2 C. J. 760, § 428 and citations; Hobart v. Sherburne, 66 Minn. 171, 68 N. W. 841; Webb v. Paxton, 36 Minn. 532, 32 N. W. 749.

The order of the trial court was therefore right, and it is affirmed.