HENRY W. JARRETT, Respondent, *v.* FRENCH & COMPANY, INC., Appellant.

First Department, April 1, 1938.

*Alex B. Greenberg,* for the appellant.

*Edmund S. Bergen,* for the respondent.

CALLAHAN, J. Plaintiff, in his complaint, seeks to recover moneys alleged to be due him for services rendered to defendant in the year 1937, under a written contract, whereby defendant agreed to pay plaintiff $5,000 per annum for services to be rendered by the plaintiff in advising defendant on matters of finance incidental to defendant's business.

The defendant, for a first counterclaim, sought to recover $20,000, representing payments of $5,000 each made under the foregoing contract during the years 1933, 1934, 1935 and 1936. The basis of the counterclaim is that plaintiff, in order to induce defendant to hire him as a loan broker, falsely represented that he received no compensation from Bankers Commercial Security Company, Inc., a concern to whom defendant was indebted and to which it frequently applied for loans.

Defendant, in this counterclaim, alleged a conflict of interests which plaintiff concealed, and states that, instead of securing loans on the best and most favorable terms for defendant, plaintiff had Bankers Commercial Security Company, Inc., make the loans on terms most favorable to the latter.

To this counterclaim plaintiff has pleaded, by way of the first separate defense now under attack, that the counterclaim is barred by the one-year Statute of Limitations contained in section 381 of the General Business Law. The material part of that section reads as follows: " Every person who shall pay, deliver or deposit any money, property or thing in action, over and above the rate aforesaid, and his personal representatives may, within one year after such payment, delivery or deposit, sue for and recover the same of the person so taking or receiving such money, property or thing in action, or of his personal representatives."

The one-year limitation contained in the above section applies only to actions brought to recover moneys in excess of one-half of one per centum paid in violation of section 380 of the General Business Law.

The first counterclaim herein is not brought under section 380 of the General Business Law, but is based on the theory that no broker or agent can serve two masters with equal fidelity when their interests may conflict. (See *Murray* v. *Beard*, 102 N. Y. 505; *Munson* v. *Syracuse, Geneva & Corning R. R. Co.*, 103 id. 58, 74.) As the counterclaim is not based on section 380, the defense contained in the reply is insufficient.

The order should be reversed, with twenty dollars costs and disbursements, and the motion granted.

Martin, P. J., Dore and Cohn, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion granted.