JACOB R. SLOSBERG *v.* THE CALLAHAN OIL COMPANY.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Argued June 8—decided July 12, 1939.

*Arthur M. Brown* and *Henry H. Pettes,* for the appellant-appellee (plaintiff).

*Arthur F. Libby,* for the appellant-appellee (defendant).

JENNINGS, J. This was an accounting case. The plaintiff assigns as error an allowance to the defendant for the conversion of certain trade fixtures. The defendant claims that an allowance to the plaintiff for salary as president of the defendant was, under the circumstances, erroneous, as was the exclusion of an offer of evidence.

No fact found by the committee is disputed. In order to understand the purport of the assignments of error, the report must be considered in some detail. The Callahan Oil Company is a corporation, organized in 1925, engaged in the sale of gasoline and other petroleum products. The incorporators were Jacob R. Slosberg, his brother Charles Slosberg and Felix P. Callahan, each owning one-third of the capital stock. Jacob R. Slosberg was president and director from the time of its incorporation to July, 1936. From the time of its organization to July, 1935, the defendant's plant was located on land leased from the railroad on the east side of the Thames River in Norwich for which it paid a rental of about $40 per month. No water transportation was available at this plant.

In 1928 the plaintiff purchased land on the west side of the Thames River where water transportation was available for use in his wholesale coal and lumber business. On July 1, 1935, he completed the erection of buildings, tanks and docks on this land at a cost (including the land) of about $63,000. This was done with the understanding that it would be occupied by the defendant as a bulk plant and the defendant did

occupy it from July 1, 1935, to February 1, 1936. The old plant was razed. There was no written lease of the new plant. On October 16, 1935, the plaintiff sent the defendant a bill for rent at the rate of $2200 per month subject to change without notice. No rent was paid by the defendant. The fair rental value of the new plant was $600 per month. The plaintiff also owned and leased to the defendant seven retail gasoline stations for which the defendant owed some rental when they were vacated by it December 31, 1935. The account was quite complicated and there were many other charges and credits not involved in this appeal.

The plaintiff had no knowledge of the oil business and had no regular duties as president except to preside at meetings of the corporation. He was re-elected president for one year in June, 1935, at a salary of $100 per week but received no salary for the last thirty weeks of that year. He presided at the annual meeting June 1, 1936. On November 14, 1935, the plaintiff brought suit for the dissolution of the defendant and the appointment of a receiver, which action was later withdrawn. On November 13, 1935, the plaintiff served on the defendant a notice to quit the bulk plant and on December 14, 1935, brought a summary process action against it. Soon after the defendant vacated the premises, the plaintiff started his son in the wholesale oil business in that plant and furnished him with $100,000.

"The defendant as tenant of the plaintiff installed in each of the retail gas stations rented by it from the plaintiff certain tanks, lights and other fixtures used by it in connection with its business of selling gasoline and other petroleum products. These were trade fixtures installed without intention that they become a part of the real estate and could have been removed without serious injury to the real estate. Defendant

quit possession of these stations on or about December 31, 1935, and its leases of the stations terminated at that time. Defendant did not remove or attempt to remove these fixtures during its tenancy and occupation of the premises, and, so far as the evidence disclosed, has made no demand upon the plaintiff for them. These fixtures as installed were of the value of $2453.70, but if removed were of the value of $648.30."

Basing its conclusion on the facts stated in the foregoing paragraph, the trial court found that the plaintiff had appropriated these trade fixtures to its own use, had continued to use them and that the defendant was thereby entitled to a credit of $2453.70. This forms the basis of the plaintiff's only assignment of error. No facts appear in the report or otherwise to support this conclusion. The committee, as of right (Practice Book, § 170), found in the alternative that the defendant was entitled to no credit for these fixtures unless, as a matter of law on the facts found, the plaintiff was liable for their conversion. To cover this contingency, damages were fixed, also in the alternative.

Both briefs cite our leading case of *Coleman* v. *Francis,* 102 Conn. 612, 129 Atl. 718, where many of the Connecticut cases on conversion are reviewed. The facts found bring this case squarely within the rule laid down at page 616. The original possession was rightful and no act of conversion appears. In such cases a demand before suit is necessary to justify an award of damages. There was no demand, no conversion and the allowance of the credit to the defendant was erroneous.

The appeal of the defendant assigns error in overruling its two grounds of remonstrance to the report of the committee. The first ground related to the conclusion of the committee that on the facts found

the plaintiff was entitled to his salary for the last thirty weeks of his tenure of office. This conclusion was embodied in the judgment. The reasons on which the defendant relies in support of its contention are fully set forth in the statement of facts. Its position may be summarized as follows: a president, who not only makes every attempt to drive his corporation out of business but who, during his term of office, establishes his son in a directly competing business at a cost to him of $100,000, is not entitled to his salary during the period of his active opposition to the company. The facts fully support this position. The claim of the plaintiff is that he was not actually discharged until June 1, 1936, and that he is therefore entitled to his salary up to that time. In view of the fiduciary character of the office of president (*Mallory v. Mallory Wheeler Co.*, 61 Conn. 131, 138, 23 Atl. 708; *Massoth* v. *Central Bus Corp.*, 104 Conn. 683, 689, 134 Atl. 236) no authority is needed to support the defendant's claim. It is not lacking, however. The president of a corporation is bound by virtue of his office to protect its best interests. *New Haven Sand Blast Co.* v. *Dreisbach*, 102 Conn. 169, 184, 128 Atl. 320. By the conduct described, the plaintiff forfeited any claim to compensation which might otherwise be due. *Backus* v. *Finkelstein*, 23 Fed. (2d) 357, 361. Further illustration of the application of this doctrine, including the proposition that a contract for compensation will, under such circumstances, not avail the plaintiff, will be found in the following cases: *Wadsworth* v. *Adams*, 138 U. S. 380, 388, 11 Sup. Ct. 303, 34 L. Ed. 984; *Munro* v. *Smith*, 259 Fed. 1, 21; *Little* v. *Phipps*, 208 Mass. 331, 333, 94 N. E. 260, 34 L. R. A. (N. S.) 1046; *Venie* v. *Bank*, 146 Minn. 142, 145, 178 N. W. 170; *Murray* v. *Beard*, 102 N. Y. 505, 508, 7 N. E. 553; *Eaton* v. *Robinson*, 19 R. I. 146, 31

Atl. 1058, 29 L. R. A. 100; 3 Fletcher, Cyclopedia of Corporations, §§ 850, 856; 5 id. § 2145.

This conclusion dispenses with the necessity of discussing the defendant's other ground of remonstrance which relates to the exclusion of evidence offered in support of its claim in this regard.

The case was fully tried and the report carefully drawn. In spite of the fact that error is found on both appeals, final determination of all contested issues can be made on the report as filed since only the conclusions from the facts therein found are involved in the assignments of error.

There is error on both appeals and the case is remanded to the Superior Court with direction to enter judgment in accordance with this opinion.

In this opinion the other judges concurred.