[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, James G. Lucchesi, alleges in his complaint that he was entitled to exercise certain stock options granted him by his former employer, the defendant, Fuel Tech, Inc. ("Fuel Tech"), and that the defendant had denied him this opportunity.
The plaintiff, further claims that two of the events that would trigger his right to exercise his options pursuant to the Stock Option Agreement dated June 21, 1983 were: (i) if Fuel Tech consolidated with another company, and (ii) if the gross revenues of the defendant exceeded $900,000 in any month. The plaintiff contends that both of these events occurred, but the defendant refused to honor his right to exercise his options.
In its answer to the complaint, the defendant denies that either of these two events occurred, and then went on to file several special defenses, two of which, the third and fourth special defenses, are the subjects of the plaintiff's motion to strike. Practice Book 151.[1]
As to the third special defense, the plaintiff alleged in his complaint that Fuel Tech consolidated with another business entity. The defendant's third special defense alleges that no consolidation occurred. This special defense is improper because it does not set forth facts consistent with the complaint and, notwithstanding, defeat the plaintiff's claim. See Practice Book 164.[2] Therefore the third special defense should be struck.
As to the fourth special defense, the plaintiff's complaint alleges that the defendant breached an agreement whereby the defendant promised to offer the plaintiff the option of purchasing certain amounts of stock when the gross revenues of the defendant corporation exceeded $900,000 per month. The fourth special defense basically alleges that the plaintiff should be estopped from asserting this claim because, as chief financial officer, he breached his fiduciary duty to the defendant by failing to advise Fuel Tech that gross revenues exceeded $900,000 in any given month.
Officers of a corporation are fiduciaries. Slosberg v. Callahan Oil Co., 125 Conn. 651, 655, 7 A.2d 853 (1939). See also Katz Corp. v. T. H. Canty Co., 168 Conn. 201, 207-208,362 A.2d 975 (1975) (discussing fiduciary duty imposed upon both corporate officers and corporate directors). Although the plaintiff appears to be correct in stating that our general statutes do not impose a duty upon officers, the above cases evidence a common law duty of good faith and due care. Moreover, the defendant's allegations sufficiently state an estoppel defense. "There are two essential elements to an CT Page 1070 estoppel: the party must do or say something which is intended or calculated to induce another to believe in the existence of certain facts and to act upon that belief, and the other party, influenced thereby, must actually change his position or do something to his injury which he otherwise would not have done." Remkiewicz v. Remkiewicz, 180 Conn. 114, 119, 429 A.2d 833
(1980).
It is necessarily implied from the allegations in the fourth special defense that Fuel Tech would not have breached the above-mentioned contract if the plaintiff had not led it to believe that gross revenues were less than $900,000 during any particular month.
Therefore the fourth special defense sufficiently alleges that the plaintiff should be estopped from claiming that Fuel Tech breached the Stock Purchase Agreement because he allegedly breached his fiduciary duty to the corporation.
Thus, the motion to strike is granted as to the third special defense, and is denied as to the fourth special defense.
So Ordered.
Dated at Bridgeport, Connecticut, this 19th day of February, 1992.
WILLIAM B. LEWIS, JUDGE